CROWN CORK & SEAL COMPANY,
INC., a New York corporation,
Appellant (Defendant),

v.

ADMIRAL BEVERAGE CORP., d/b/a
Western Canning Corp.,
Appellee (Plaintiff),

v.

HAINES TRUCKING COMPANY, a
Wyoming Corporation, Appellee
(Defendant).

No. 5515.

Supreme Court of Wyoming.

Jan. 8, 1982.

Larry Lawton, Larry Lawton, P. C., Cheyenne, and William R. Shelledy, Jr., Worland, for appellant.

James W. Owens, Murane & Bostwick, Casper, for appellee Admiral Beverage Corp.

Ernest J. Goppert, Jr., and James M. Guill, Goppert, Day & Olson, Cody, for appellee Haines Trucking Co.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROSE, Chief Justice.

This appeal originates with a jury verdict returned against the appellant, Crown Cork & Seal Company, Inc. The action was instituted by appellee Admiral Beverage Corporation against Crown Cork & Seal Company, Inc. and appellee Haines Trucking Company for damage caused to a machine purchased by Admiral from Crown Cork & Seal. The jury returned the following answers on the special verdict form:

## "SPECIAL VERDICT

"We, the Jury, being empaneled to hear and determine the above-entitled matter unanimously make the following findings in answer to the questions propounded. (Please mark the appropriate answers):

"1. Was Haines Trucking Company negligent?

Yes    X

No      

"2. Was Haines Trucking Company's negligence a proximate cause of the upset and damage to the can-filling machine?

Yes      

No    X

"3. Was Crown Cork & Seal Co. negligent?

Yes    X

No      

"4. Was Crown Cork & Seal Company's negligence a proximate cause of the upset and resulting damage to the can-filling machine?

Yes    X

No      

"5. If you have found that the negligence of one or more persons was a proximate cause of the accident, considering all of such negligence at 100%, fill in the percentage of negligence of each such party which was a proximate cause of the accident opposite the parties' name:

Haines Trucking Company    0  %
Crown Cork & Seal Co.    100  %
Total    100  %

"6. Did Crown Cork & Seal Co. breach its implied warranty of fitness in that its skid was not adequate to support the can-filling machine while it was being transported and unloaded?

Yes      

No    X

"7. The damage to the can-filling machine as stipulated by the parties is $110,877.50."

Judgment was entered on the verdict, and Crown Cork & Seal filed a motion for new trial, alleging that the jury's verdict was not sustained by the evidence and was contrary to law. This motion was denied and appellant raises the following issue for our

consideration: Was the jury's verdict so inconsistent as to require the granting of a new trial?

We will affirm the trial court.

## FACTS

Crown Cork & Seal is a manufacturer of large, sophisticated machinery and one of the products which it makes and markets is a can-filling machine known as a 72 Flat-top. Part of the manufacturing process involves the construction of wooden skids onto which the machine is bolted for shipping and unloading purposes.

The appellee, Admiral Beverage Corporation, engages in the business of bottling and canning soda pop. Admiral ordered a 72 Flattop from Crown Cork & Seal, which was placed on a flatbed and transported to Admiral's plant without incident. Haines Trucking Company, a local moving and unloading firm, was employed to unload the heavy machinery and place it in Admiral's plant.

On the day in question, Haines arrived at Admiral's plant and, upon inspecting the machine, decided to utilize the tail-roll method of unloading. Such a procedure is often utilized by Haines when unloading heavy oil-drilling equipment. This particular filling machine weighed about 16,000 pounds, which is somewhat lighter than other equipment Haines had unloaded by the tail-roll method in the past. While slowly positioning the machine to commence the unloading process, the fastening devices attached to the wooden skids pulled out, causing the machine to fall to the ground. In consequence of this mishap and the attendant damage, the suit resulted in the questioned verdict which awarded damages to Admiral.

### Can the Verdict Be Sustained?

Appellant frames the questions for resolution according to its perception that the jury's verdict is inconsistent and therefore must be overturned, and a new trial ordered. We will examine the problem as though appellant was challenging the legal viability of the finding which holds that Haines Trucking was negligent but such

negligence was not a proximate cause of the injury.

■ Were we to construe the issue here as a challenge to the jury's verdict on the grounds of its facial inconsistency, Crown Cork would be precluded from attacking it because appellant did not, immediately upon the jury's return, object to the form of the verdict. Failure to timely object to an inconsistent or irregular verdict was considered fatal in *DeWitty v. Decker*, Wyo., 383 P.2d 734 (1963). There we said:

> " * * * we do not think it harsh or unreasonable to require a litigant, when an opportunity is afforded during the trial, timely to bring a matter such as here to the attention of the trial court in order that it might be corrected, and failing in this that he shall not be heard here to complain. * * * " 383 P.2d at 739, 740.

We also said in *DeWitty* that a party could not complain about defects or inconsistencies in a verdict through a motion for new trial. 383 P.2d at 739. All of this was reaffirmed in *Pure Gas & Chemical Company v. Cook*, Wyo., 526 P.2d 986, 988 (1974). Thus, according to these controlling authorities, were we to view the issue as framed by appellant, the failure to object would be tantamount to condoning appellant's failure to timely object to what it perceives to be a facial verdict irregularity. The rules announced in *DeWitty* do not, however, preclude this appeal because the verdict here does not contain an inconsistency. We will therefore consider appellant's claim as one involving a question which asks whether or not the jury's verdict is supported by substantial evidence.

■ In reviewing a sufficiency-of-the-evidence question, we assume the evidence in favor of the successful party to be true, leaving out of consideration entirely the evidence in conflict, and assigning every favorable inference to the evidence of the successful party that can be reasonably and fairly drawn from it. *City of Rock Springs v. Police Protection Ass'n*, Wyo., 610 P.2d 975 (1980); *Brittain v. Booth*, Wyo., 601 P.2d 532 (1979). In addition, when review-

ing a jury verdict, we leave to the jury the duty of ascertaining the facts, reconciling conflict therein and drawing its own inferences if more than one inference is permissible. *Neal v. Wailes*, Wyo., 346 P.2d 132, 134 (1959). Also, when the facts permit the drawing of more than one inference, then it is for the jury to choose which one will be utilized and, if supported by substantial evidence, the jury's choice will be held by us to be conclusive. *Berta v. Ford*, Wyo., 469 P.2d 12, 15 (1970); *Ford Motor Company v. Arguello*, Wyo., 382 P.2d 886 (1963).

In support of its position, appellant urges that the evidence adduced at trial was indeed sufficient for the jury to determine that Haines was negligent but that once it has been determined that Haines was negligent then it became imperative as a matter of law that such negligence be found to be a proximate cause of the injury. To say it another way, Crown Cork's position is that there was no evidence to support the jury's finding that Haines' negligence was not the proximate cause of the damage to the machine, and thus for the jury to find negligence but no proximate cause is error. This position cannot be sustained, given the facts reflected by the record.

The evidence is undisputed that the wood used to manufacture the skid was low-grade and defective. The record discloses that in fastening the machine to the skid Crown Cork & Seal utilized lag screws where more effective fastening bolts should have been employed. Not only was there testimony from Admiral's expert, but also from Crown Cork's own employees which established the defects in the skid. Finally, there is evidence in the record which reflects that the weight and stress the skids were called upon to bear were not great enough to have caused a nondefective and properly attached skid to fail. This is sufficient to establish appellant's negligence causing damage. As to Haines, it could have been the jury's belief that the moving company was negligent in failing to identify and recognize the danger perpetrated through negligence of Crown Cork but that this negligence on the part of Haines was not a proximate cause of the damage. Alternatively, it could well have been the jury's belief that the moving company was not negligent in failing to recognize the danger perpetrated through the negligence of Crown Cork (as suggested by appellant), but that it was negligent in using the tail-roll method of unloading, and that this negligence was not the proximate cause of the damage. We only conjecture as to what could have been going through the jury's mind for the purpose of making the point that, under the facts and law of this case, the jury *could properly have found* Haines negligent without its negligence being a proximate cause of the damage—as indeed it did.

In summary, we find the record reflects substantial evidence to support all of the jury's conclusions. The testimony and exhibits introduced at trial permitted the jury to draw more than one inference, and we have consistently held that proximate cause is a question for the trier of fact. *Caillier v. City of Newcastle*, Wyo., 423 P.2d 653 (1967); *Gale v. Kay*, Wyo., 390 P.2d 596, 600 (1964). The jury in this case was possessed of sufficient evidence to reach the conclusion that both Haines and Crown Cork were negligent, but that it was Crown Cork's negligence alone which proximately caused the damage to the machine. It is unrefuted that the machine fell because of the negligence on the part of Crown Cork in constructing the skid and attaching the filling machine to it.

Affirmed.