**Duane REESE, Appellant (Plaintiff),**

v.

**DOW CHEMICAL COMPANY, and Dowell, a division of Dow Chemical, or Subsidiary Company, Appellees (Defendants).**

**DOW CHEMICAL COMPANY, and Dowell, a division of Dow Chemical, or Subsidiary Company, Appellants (Defendants),**

v.

**Duane REESE, Appellee (Plaintiff).**

Nos. 85–253, 85–254.

Supreme Court of Wyoming.

Nov. 26, 1986.

Bernard Q. Phelan of Phelan Law Offices, Cheyenne, and John R. Fletcher of Fletcher & O'Tool, St. Cloud, Minn., for appellant in Case No. 85–253 and appellee in Case No. 85–254.

John R. Vincent of Hettinger and Leedy, P.C., Riverton, and Ramon P. Marks and Kim Tyson, Houston, Tex., for appellees in Case No. 85–253 and appellants in Case No. 85–254.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

CARDINE, Justice.

In this wrongful discharge action a jury found that in terminating appellant Duane Reese's employment appellees Dow Chemical Company and its subsidiary Dowell breached the implied covenant of good faith and fair dealing and were negligent in performing a contractual duty but then found that Mr. Reese had sustained no damage. Accordingly, the trial court entered judgment for appellees Dow and Dowell.

Reese appeals the judgment and the trial court's order denying his motion for judgment notwithstanding the verdict or, in the alternative, a new trial. He asserts that the verdict contained irreconcilable and inconsistent findings, was inconsistent with the evidence, evidenced mistake and disregard of instructions on the part of the jury, and bore no relation to his loss. In their cross-appeal appellees Dow and Dowell contend that Reese's claims for breach of the implied covenant of good faith and fair dealing and negligent performance of a contractual obligation are not recognized in Wyoming.

We affirm the district court's judgment and order; and, consequently, we find it unnecessary to address the issues raised in the cross-appeal.

Duane Reese, who began his career with Dow Chemical Company in 1964, was terminated as an employee of Dowell, a division of Dow, on December 3, 1982. In August 1984, Reese filed an action against Dow and Dowell seeking damages for wrongful discharge. The case was tried before a jury on the following theories: breach of contract, breach of the implied covenant of good faith and fair dealing, estoppel, and negligent performance of a contractual duty. The jury found that appellees Dow and Dowell had breached the implied covenant of good faith and fair dealing and that they had acted negligently in evaluating Mr. Reese's job performance. With regard to damages, the jury made the following findings:

"Was the negligence of defendant(s) the proximate cause of any damages sustained by Duane Reese?

"Yes  X

"No  ___

     *     *     *     *     *     *

"Was Duane Reese's negligence a proximate cause of any damages sustained by Duane Reese?

"Yes  X

"No  ___

     *     *     *     *     *     *

"Considering all of the fault at one hundred percent (100%), what percentage of the total fault is attributable to each of the following persons?

"Duane Reese, Plaintiff   (0% to 100%)   40%
"Defendant(s)   (0% to 100%)   60%
                       "Total   100%

"What, if any, damages do you find were sustained by Duane Reese?

"$ None"

Appellant contends that the verdict contains "irreconcilable and inconsistent findings." Specifically, he urges that the jury's finding that appellees' actions were the proximate cause of any damages sustained by him is inconsistent and irreconcilable with its finding that he sustained no damages.

The general rule regarding a court's role in evaluating the consistency of findings in special verdicts is stated in Wright & Mil-

**1120**

ler, Federal Practice and Procedure: Civil § 2510, pp. 515–517 (1971):

"It is the duty of the court to attempt to harmonize the answers, if it is possible under a fair reading of them. 'Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way.' In determining whether there is inconsistency in the jury's findings, the findings are to be construed in the light of the surrounding circumstances and in connection with the pleadings, instructions, and issues submitted." (Footnotes omitted.) (*Quoting Atlantic and Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 82 S.Ct. 780, 786, 7 L.Ed.2d 798 (1962)).

Applying this rule to the present case, we can reconcile the jury's findings without difficulty.

The trial court instructed the jury that the elements of damage for breach of the implied covenant of good faith and fair dealing were past and future lost wages and past and future lost benefits, both tangible and intangible. With respect to the negligence claim, the jury was instructed that the elements of damage were lost wages and benefits, both past and future, and emotional distress. The evidence presented on the issue of damages was conflicting.

■ The record indicates that approximately seven months after appellant was discharged by Dowell he went to work for another company, InterMountain Cable. In the intervening period appellant was essentially unemployed. Appellees' expert witness testified, however, that between the time appellant was discharged by Dowell and the time the case was tried, appellant received $5,420 more income than he would have received if he had continued working for Dowell. Appellees' expert also testified that based on appellant's projected income and prospects for the future with Inter-Mountain Cable he would suffer no future damages. The jury apparently determined that the "damages" arising from appellant's discharge were more than offset by

his subsequent increase in income. The jury correctly assumed that any damage award should be measured by taking into account appellant's ultimate loss, if any, for that period of time between his discharge and the time of trial as well as any possible future damages. This explains the jury's ultimate finding of zero damages. We see no internal inconsistency in the verdict.

■ Appellant next argues that the verdict is inconsistent with the evidence, reflects mistake on the part of the jury, and bears no relation to his loss. We find no merit in these contentions. The standards we employ when reviewing the sufficiency of evidence to support a jury verdict are well stated in *Crown Cork & Seal Company, Inc. v. Admiral Beverage Corporation*, Wyo., 638 P.2d 1272, 1274–1275 (1982):

"[W]e assume the evidence in favor of the successful party to be true, leaving out of consideration entirely the evidence in conflict, and assigning every favorable inference to the evidence of the successful party that can be reasonably and fairly drawn from it. In addition, when reviewing a jury verdict, we leave to the jury the duty of ascertaining the facts, reconciling conflicts therein and drawing its own inferences if more than one inference is permissible. Also, when the facts permit the drawing of more than one inference, then it is for the jury to choose which one will be utilized and, if supported by substantial evidence, the jury's choice will be held by us to be conclusive." (Citations omitted.)

Our discussion of appellant's first issue demonstrates that appellees presented sufficient evidence to support the verdict. The jury obviously accepted the analysis of appellees' expert, and we will not disturb that finding.

■ Appellant next challenges the trial judge's ruling on the admissibility of the testimony of appellees' expert witness, Dr. Jerome Sherman, claiming that his opinions were based on "unsubstantiated assumptions." The record reveals that Dr. Sher-

man relied on the following sources in forming his opinions: appellant's tax returns, a report by appellant's expert witness, the testimony of appellant's expert witness, documents obtained from Dow and InterMountain Cable, and conversations with employees of InterMountain Cable, Dow, and Dowell. Rule 703, W.R.E., permits an expert to rely on such sources.[1] The trial judge specifically ruled that this informatin was of the type reasonably relied upon by experts in the field and that Dr. Sherman's testimony would assist the jury. We cannot say that the trial judge abused his discretion. The adequacy of the foundation for opinion testimony is subject to scrutiny through cross-examination, and determinations of weight and credibility are for the trier of fact. *Reed v. Hunter,* Wyo., 663 P.2d 513, 518 (1983). Appellant had an opportunity to discredit Dr. Sherman's testimony during voir dire of the witness, cross-examination, and closing argument. His failure to convince the jury that Dr. Sherman's analysis was incorrect does not entitle him to a new trial.

 Finally, appellant asserts that the jury disregarded the court's instructions in reaching its verdict. Appellant argues that "if the jury followed the court's instructions, it found a duty * * * and *injury* to plaintiff caused by the breach of duty." (Emphasis in original.) Appellant further argues that if the jury made a distinction between "injury" and "damage," he is entitled to at least nominal damages, and failure to award nominal damages constitutes grounds for a new trial. We disagree. Even if we assume, without deciding, that appellant should have been awarded nominal damages, he would not be entitled to a reversal or a new trial on that ground alone. 5 Am.Jur.2d Appeal and Error § 790, pp. 231–232.

Because we affirm the judgment, we find it unnecessary to address the issues raised in appellees' cross-appeal even though they may be of academic interest or potentially determinative of other such cases. *Wallace v. Casper Adjustment Service,* Wyo., 500 P.2d 72, 73 (1972).

Affirmed.

---

1. Rule 703, W.R.E., provides:
   "The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence."