**Betty I. SAYER, Appellant (Plaintiff),**

v.

**William M. WILLIAMS, M.D., Appellee (Defendant).**

**No. 97–66.**

Supreme Court of Wyoming.

July 29, 1998.

James P. Castberg, Sheridan, for Appellant.

Robert M. Shively of Shively Law Offices, P.C., Casper, for Appellee.

* Chief Justice at time of conference.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

TAYLOR, Justice.

Finding that appellant failed to provide expert testimony to establish proximate cause in her medical malpractice case, the district court granted appellee's motion for judgment as a matter of law. Appellant brings this appeal arguing that her case is an extraordinary one which does not require expert testimony to prove that her injuries were caused by the doctor's medical negligence. We affirm.

## I. ISSUE

Appellant, Betty I. Sayer (Sayer), states one issue:

> The trial court erred in granting the appellee's motion for directed verdict at the end of the appellant's case in chief under the Supreme Court's ruling in *Harris v. Grizzle*, 625 P.2d 747 (Wyo.1981).

Appellee, William M. Williams, M.D. (Dr. Williams), presents the issue as:

> Did the trial court err when it granted Dr. Williams' motion for directed verdict following Sayer's failure to elicit expert testimony establishing that the alleged negligence of Dr. Williams caused Sayer's injury?

## II. FACTS

In May 1993, Dr. Williams implanted a single chamber pacemaker in Sayer after she suffered a complete heart block and had to be resuscitated. Following this surgery, Sayer experienced dizziness and extreme fatigue. Approximately one month later, Sayer saw Dr. Robert Novick, a cardiologist. In July 1993, Dr. Novick removed the single chamber pacemaker and replaced it with a dual chamber pacemaker. Sayer subsequently filed a medical malpractice suit against Dr. Williams, claiming his insertion of the single chamber pacemaker caused her to suffer pacemaker syndrome.

At trial, evidence was produced which showed that Sayer had suffered from high blood pressure and chronic fatigue for sever-

al years prior to the pacemaker operation. In 1991, her personal physician determined she had contracted Hepatitis C. In September 1991, Dr. Williams assisted Sayer in obtaining Social Security benefits. At that time, Sayer told Dr. Williams she experienced dizziness and was frequently so fatigued she could not complete small chores without resting. Based upon Dr. Williams' report to the Department of Social Security, Sayer began receiving full disability benefits approximately thirteen months before she suffered the heart blockage.

Sayer's medical records were the subject of medical testimony during trial. The records revealed that Sayer continued to suffer dizziness and fatigue from the time of implant up to the time of trial. Sayer's personal physician testified that dizziness and fatigue become more acute when Hepatitis C flares up. The medical records further indicated that Sayer had failed to take her blood pressure medicine on a consistent basis and may have been abusing alcohol which could exacerbate her symptoms.

Dr. Randolph Martin, a cardiologist from Illinois, testified as an expert witness on Sayer's behalf. Dr. Martin stated his opinion that Dr. Williams' use of a single chamber pacemaker fell below the standard of care for the medical community. He also described for the jury the symptoms of pacemaker syndrome, which primarily consist of feeling tired. He did not, however, state an opinion that Sayer suffered from pacemaker syndrome in May and June of 1993. Nor did he state an opinion that Dr. Williams' substandard care had caused Sayer's dizziness and fatigue during that time.

On cross-examination, Dr. Martin testified that he was aware of Sayer's high blood pressure at the time he reviewed her medical records and arrived at his opinions. However, he was not aware of her Hepatitis C and chronic fatigue syndrome diagnoses. Nor was he aware that Sayer was receiving Social Security benefits. Dr. Martin testified he had not been provided medical records or copies of the benefits applications which indicated that Sayer had suffered from these same symptoms prior to implantation of the single chamber pacemaker.

At the close of Sayer's evidence, Dr. Williams moved for a judgment as a matter of law because Sayer had failed to provide expert opinion that her problems were caused by his implantation of the single chamber pacemaker. Although Sayer argued that her case was so extraordinary that such testimony was not needed, the district court granted Dr. Williams' motion. Assuming that the doctor's care was negligent, the district court noted that the case would still fail for a lack of evidence on the issue of causation. Since Sayer's high blood pressure and Hepatitis C could very well have caused the symptoms of which she complained, expert testimony remained essential to the establishment of proximate cause. Citing our opinion in *Harris v. Grizzle*, 625 P.2d 747 (Wyo.1981), the district court determined it had no choice but to enter judgment for Dr. Williams as a matter of law. We agree.

## III. STANDARD OF REVIEW

W.R.C.P. 50(a)(1) provides:

(a) *Judgment as a matter of law.*

(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

Despite the fact that judgment as a matter of law should be granted cautiously and sparingly, the district court has an obligation to direct entry of such a judgment where there is legally insufficient evidence to support a verdict on a particular issue. The decision to grant or deny a motion for a judgment as a matter of law is reviewed *de novo*. *Harvey v. First Nat. Bank of Powell*, 924 P.2d 83, 86 (Wyo.1996) (*quoting Del Rossi v. Doenz*, 912 P.2d 1116, 1118–19 (Wyo.1996)).

## IV. DISCUSSION

A medical malpractice plaintiff has the burden to prove " ' "(1) the accepted

standard of medical care or practice, (2) that the doctor's conduct departed from the standard, and (3) that his conduct was the legal cause of the injuries suffered." ' " *Mize v. North Big Horn Hosp. Dist.*, 931 P.2d 229, 233 (Wyo.1997) (*quoting Harris*, 625 P.2d at 751). In granting the motion for judgment as a matter of law, the district court quoted the following from our opinion in *Harris*:

> It is well settled that in all but the extraordinary medical malpractice case, the plaintiff has the burden of producing expert testimony to support a prima facie case of negligence. If the origin of the injury is obscure and not readily apparent to a layman, or if there are several equally probable causes of the condition, testimony of a qualified physician is essential to establish a reasonable probability that the physician's negligence caused the injury.

*Harris*, 625 P.2d at 752.

■ There is no dispute that Sayer did not produce medical expert testimony on the issue of causation. Her only argument on appeal is that her case is extraordinary because of the amount of evidence from which a jury could infer that Dr. Williams' substandard care caused her dizziness and fatigue for a few weeks in 1993. Certainly, this would be a reasonable inference. But equally reasonable would be an inference that her problems were a continuation of those she experienced due to her high blood pressure and Hepatitis C. This is particularly true in light of the evidence that she has continued to suffer these symptoms from time to time since the dual chamber pacemaker was implanted, and her own testimony that she continues to be so fatigued as to be eligible for full disability social security benefits.

This is precisely the type of case in which causation must be proved by expert testimony. There were "several equally probable causes" of Sayer's dizziness and fatigue. *Harris*, 625 P.2d at 752. The district court was correct in granting judgment as a matter of law on the basis that Sayer failed to offer medical expert testimony on the issue of causation.

## V. CONCLUSION

Since medical expert testimony was required but not offered, there was no legally sufficient evidentiary basis upon which the jury could have based a verdict in Sayer's favor. The judgment of the district court is affirmed.