**WAL–MART STORES, a Delaware Corporation, Appellant (Defendant),**

v.

**Jerry CLARK, Appellee (Plaintiff).**

**No. 97–145.**

Supreme Court of Wyoming.

Dec. 18, 1998.

Bruce N. Willoughby of Brown, Drew, Massey & Sullivan, Casper, WY., Representing Appellant.

Patrick Dixon of Dixon & Despain, Casper, WY., Representing Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

LEHMAN, Chief Justice.

Appellee Jerry Clark received a jury verdict in his favor for injuries sustained in a fall on Wal–Mart's premises. Appellant Wal–Mart Stores now challenges the sufficiency of the evidence supporting the jury's verdict, claiming Clark did not establish the causation element of his claim or show a reasonable necessity for three diagnostic tests. Finding the jury's determination amply supported by the evidence, we affirm.

### ISSUES

Wal–Mart submits the following issues for review:

I.  Whether the sufficiency of the evidence presented by appellee failed to meet the requisite burden of proof of causation?

II.  Whether appellee is entitled to recover the cost of three diagnostic examinations when the examinations failed to reveal any actual injuries?

---

* Chief Justice at time of expedited case conference; retired November 2, 1998.

In his Statement of the Argument, Clark presents these issues:

1. Did Clark prove that damages resulted from his fall?

2. Are the diagnostic expenses compensable?

### FACTS

The facts of this case are not complicated. On January 13, 1994, Clark fell while shopping in the Wal–Mart store in Casper, landing on his right hip and shoulder. A Wal–Mart employee working in the vicinity came to his aid immediately afterward. At first he was unsure if he was hurt, but as he walked through the store he began to experience pain and left without completing his errand. Upon leaving the store, Clark attempted to drive to Green River as he had previously planned, but due to pain and nausea he returned home after traveling approximately twenty miles.

Clark scheduled an appointment with Dr. John Barrasso, an orthopedic surgeon, for the next day. Upon examination, Dr. Barrasso noted a diffuse tenderness over the hip and pelvic area and right shoulder. X-rays showed no fractures, and Dr. Barrasso advised Clark to rest at home. Ten days later, Clark returned to Dr. Barrasso with complaints of continuing pain. Dr. Barrasso prescribed physical therapy. By March 7, 1994, Clark's shoulder had improved, but he continued to experience pain in the buttocks area. During the March examination, Dr. Barrasso detected a "palpable lump posteriorly over the sciatic nerve," which was still apparent in July.

Dr. Barrasso then referred Clark to a neurosurgeon, Dr. Albert Metz. On July 5, 1995, Dr. Metz ordered a bone scan to determine if there was any inflammation in the sacroiliac joint, but the results were normal and offered no explanation for Clark's continuing pain. Dr. Metz then ordered an MRI of Clark's lumbar spine to determine if a lumbar disc problem could have been the source of Clark's pain. The MRI results were also normal.

Clark was examined by Dr. Barrasso's partner, Dr. Thomas Landon, in August 1996. Dr. Landon ordered an MRI to check for a slipped disc. Again, the test results were normal. Dr. Landon's notes from his visit with Clark on September 10, 1996, describe Clark as "clinically getting worse." About that same time, Dr. Metz ordered a third MRI to ascertain whether there was a hematoma in the muscles of the gluteal region. The test results, as before, showed no abnormality, and the source of Clark's problem remained unexplained.

At the jury trial of Clark's suit against Wal–Mart for personal injuries, Clark submitted the deposition testimony of Drs. Barrasso and Metz, as well his own testimony. After a two-day trial, the jury found Wal–Mart eighty percent at fault and awarded damages to Clark in the amount of $35,000. The damages were reduced by the percentage of fault attributed to Clark, and the district court entered its Judgment on Verdict in the amount of $28,000, plus costs. Wal–Mart timely appeals the judgment.

### STANDARD OF REVIEW

"In reviewing a sufficiency-of-the-evidence question, we assume the evidence in favor of the successful party to be true, leaving out of consideration entirely the evidence in conflict, and assigning every favorable inference to the evidence of the successful party that can be reasonably and fairly drawn from it." *City of Kemmerer v. Wagner*, 866 P.2d 1283, 1285 (Wyo.1993) (quoting *Crown Cork & Seal Co. v. Admiral Beverage Corp.*, 638 P.2d 1272, 1274–75 (Wyo.1982)). We leave to the jury the duty of ascertaining the facts, reconciling conflicts therein, and drawing its own inferences if more than one inference is permissible. *Id.* When the facts permit the drawing of more than one inference, then it is for the jury to choose which one will be utilized; and, if supported by substantial evidence, the jury's choice will be conclusive. *Id.*

### DISCUSSION

Wal–Mart claims that the evidence adduced at trial was insufficient to establish causation between Clark's fall and his claimed injuries. In *Mariner v. Marsden*, 610 P.2d 6, 15 (Wyo.1980), and again in *But-*

*trey Food Stores Div. v. Coulson,* 620 P.2d 549, 559 (Wyo.1980), we held the testimony of the plaintiff may be sufficient, without the use of experts, to establish the element of causation between an accident and the plaintiff's injuries. As we stated in *Mariner,* "[i]f the plaintiff, bearing the risk of nonpersuasion, chooses to present his claim of past pain without medical experts and the fact finder decides to credit his claim, most appellate courts perceive no impediment to upholding the award." *Mariner,* 610 P.2d at 13; *see also* 1 JACOB STEIN, STEIN ON PERSONAL INJURY DAMAGES, § 2:8, at 32 n. 7 (2d ed.1991) and cases cited therein. The jury may reasonably infer that an absence of pain prior to the accident, and the onset of pain afterwards, is evidence that the accident caused the pain.

Acknowledging this precedent, Wal–Mart argues that the case before us can be distinguished because here Clark did utilize the testimony of experts, but that testimony conflicted with Clark's testimony that his fall caused his pain and suffering. We do not agree. It is true that Dr. Barrasso and Dr. Metz were unable to pinpoint a specific injury arising from Clark's fall. This testimony, however, can be harmonized with Clark's testimony regarding causation. The doctors' testimony did not preclude the possibility that Clark's injuries were caused by his fall at the Wal–Mart store; they only stated that they could not medically explain the connection. Both physicians further testified that not all conditions which produce pain are subject to detection by x-ray or other radiographic testing, and neither doctor suspected Clark of malingering or subterfuge in his complaints of pain.

Clark testified that prior to the fall he was physically active and in good health, and that immediately afterward he began "hurting." He stated the pain in his shoulder from the accident eventually subsided, but that the pain in his hip continued through the time of trial. His pain rendered him unable to sleep, drive, or walk for any significant period of time, and precluded him from engaging in many of his former activities and hobbies. Based on Clark's testimony that the pain did not exist prior to his fall at Wal–Mart, but

started immediately thereafter and became progressively worse, the jury could reasonably choose to believe that the fall caused Clark's injuries. Consequently, the verdict was adequately supported by the evidence.

Wal–Mart's next contention, that Clark did not offer sufficient evidence that the MRI tests ordered by Dr. Metz and Dr. Landon were reasonably necessary, is unsupported by the record and without merit. A plaintiff has the burden of proving that medical expenses for which he seeks recovery were reasonably necessary. *See* 1 STEIN, *supra,* § 5:1, at 220; *Friends for All Children, Inc. v. Lockheed Aircraft Corp.,* 746 F.2d 816, 826 (D.C.Cir.1984). The fact that the MRI results were negative, however, does not mean the tests were not reasonably necessary to treat Clark's injury. Clark's doctors stated their reasons for ordering the tests, and why they believed the testing to be necessary. Wal–Mart did not present any evidence challenging the doctors' course of action in attempting to treat Clark's continuing discomfort. As explained above, the jury had a sufficient basis upon which to conclude that Clark's fall caused his injuries. Likewise, the doctors' uncontroverted testimony provided a sufficient basis upon which to award Clark the cost of the MRIs as part of his damages.

The jury's verdict in favor of Clark is affirmed in all respects.