2001 WY 63

**WYOMING MEDICAL CENTER, INC.,**
a Wyoming corporation, Appellant
(Defendant),

v.

**Melissa MURRAY, Appellee (Plaintiff).**

No. 00–220.

Supreme Court of Wyoming.

July 20, 2001.*

* This case was originally assigned to Justice Thomas on December 15, 2000, for the rendering of a proffered majority opinion. The case was reassigned to Justice Golden on February 5, 2001.

Melissa Murray received a jury verdict awarding damages in her negligence suit against WMC following her slip and fall in WMC's parking garage.

[¶ 2]   We affirm.

## ISSUES

[¶ 3]   WMC presents this statement of the issues for review:

1.   Did the District Court err in failing to grant Appellant's Motion for Directed Verdict where Appellee had failed to offer any evidence to establish that the proximate cause of her claimed injuries was Appellant's conduct and not the result of pre-existing injuries?

2.   Did the District Court err in instructing the jury as to future damages in light of Appellee's pre-existing injuries and the absence of any expert testimony to support any future damages?

3.   Did the District Court err in instructing the jury, over Appellant's objection, as to the recovery of medical expenses where there was no evidence to show that the medical expenses allegedly incurred by Appellee were proximately caused by Appellant's conduct?

Murray does not restate or present issues for review.

## FACTS

[¶ 4]   On January 19, 1995, Murray arrived at WMC to visit her mother, a patient at the facility.   Murray parked her car on the fifth level of the parking structure connected to WMC, and as she walked to the elevator, Murray slipped and fell on black ice, suffering injuries to her knee and back.

[¶ 5]   She filed a negligence action against WMC, and a jury trial was held in January of 2000.   The jury returned a verdict finding $71,500.00 in damages and apportioning WMC's fault at ninety percent and Murray's at ten percent.   The damages were further reduced by the amount of medical expenses that WMC had already paid.   WMC filed a motion for judgment as a matter of law or in the alternative a motion for new trial contending that insufficient evidence supported

Representing   Appellant:   Scott   W. Skavdahl and Scott E. Ortiz of Williams, Porter, Day & Neville, P.C., Casper, WY. Argument by Mr. Skavdahl.

Representing Appellee: Tom Sedar and Mel Dunn, Casper, WY.   Argument by Mr. Dunn.

Before LEHMAN, C.J., and GOLDEN, HILL, and KITE, JJ.

GOLDEN, Justice.

[¶ 1]   Appellant Wyoming Medical Center, Inc. (WMC) appeals the district court's decision that a plaintiff having pre-existing conditions need not provide expert testimony to establish causation for personal injuries suffered in a slip and fall accident.   Appellee

the jury's verdict that the fall caused Murray's injuries. Those motions were denied, and this appeal followed.

## DISCUSSION

*Standard of Review*

[¶ 6] WMC contends that the trial court erred in denying its motion for judgment as a matter of law because Murray's injuries were pre-existing and required expert testimony to establish that the fall caused injuries. W.R.C.P. 50(a)(1) provides:

> (a) *Judgment as a matter of law.—*
>
> (1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

"Despite the fact that judgment as a matter of law should be granted cautiously and sparingly, the district court has an obligation to direct entry of such a judgment where there is legally insufficient evidence to support a verdict on a particular issue. The decision to grant or deny a motion for a judgment as a matter of law is reviewed *de novo*." *Sayer v. Williams*, 962 P.2d 165, 167 (Wyo.1998).

[¶ 7] We undertake a full review of the record without deference to the views of the trial court. The test to be applied is whether the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable persons could have reached. We view the evidence in the light most favorable to the nonmoving party, and give that party the benefit of all reasonable inferences that may be drawn from the evidence. When the facts permit the drawing of more than one inference, it is for the jury to choose which will be used. *Sundown, Inc. v. Pearson Real Estate Co., Inc.*, 8 P.3d 324, 330 (Wyo.2000); *John Q. Hammons Inc. v. Poletis*, 954 P.2d 1353, 1356 (Wyo.1998).

If the inferences favorable to the movant are subject to doubt, or if parallel inferences can be drawn, the motion appropriately is denied. *Sundown*, 8 P.3d at 330; *Stauffer Chemical Co. v. Curry*, 778 P.2d 1083, 1103 (Wyo.1989); *Ramirez v. Metropolitan Life Ins. Co.*, 580 P.2d 1136, 1138 (Wyo.1978).

[¶ 8] "In reviewing a sufficiency-of-the-evidence question, we assume the evidence in favor of the successful party to be true, leaving out of consideration entirely the evidence in conflict, and assigning every favorable inference to the evidence of the successful party that can be reasonably and fairly drawn from it." *Wal–Mart Stores v. Clark*, 969 P.2d 550, 551 (Wyo.1998); *City of Kemmerer v. Wagner*, 866 P.2d 1283, 1285 (Wyo.1993) (quoting *Crown Cork & Seal Co. v. Admiral Beverage Corp.*, 638 P.2d 1272, 1274–75 (Wyo.1982)). We leave to the jury the duty of ascertaining the facts, reconciling conflicts therein, and drawing its own inferences if more than one inference is permissible. *Id.* When the facts permit the drawing of more than one inference, then it is for the jury to choose which one will be used; and, if supported by substantial evidence, the jury's choice will be conclusive. *Id.*

*Causation*

[¶ 9] At trial, Murray testified that before her fall, she suffered occasional muscle strains from lifting a person for whom she was providing twenty-four hour home health care. Chiropractic care provided relief from the pain caused by the muscle strains. At the time she fell in WMC's parking structure, she hit the back of her head, her back, and dislocated her knee. She was in pain, and her knee started to swell. Her doctor testified that the fall injured her back and knee. Murray testified that since her fall, she has suffered constantly from back and knee pain, and migraines.

[¶ 10] The proper rule of law is found in *Wal–Mart Stores v. Clark*, which said:

> Wal–Mart claims that the evidence adduced at trial was insufficient to establish causation between Clark's fall and his claimed injuries. In *Mariner v. Marsden*, 610 P.2d 6, 15 (Wyo.1980), and again in

*Buttrey Food Stores Div. v. Coulson,* 620 P.2d 549, 559 (Wyo.1980), we held the testimony of the plaintiff may be sufficient, without the use of experts, to establish the element of causation between an accident and the plaintiff's injuries. As we stated in *Mariner,* "[i]f the plaintiff, bearing the risk of nonpersuasion, chooses to present his claim of past pain without medical experts and the fact finder decides to credit his claim, most appellate courts perceive no impediment to upholding the award." *Mariner,* 610 P.2d at 13; *see also* 1 JACOB STEIN, STEIN ON PERSONAL INJURY DAMAGES, § 2:8, at 32 n. 7 (2d ed.1991) and cases cited therein. The jury may reasonably infer that an absence of pain prior to the accident, and the onset of pain afterwards, is evidence that the accident caused the pain.

*Wal–Mart Stores v. Clark,* 969 P.2d at 551–52.

[¶ 11] WMC contends that *Wal–Mart Stores v. Clark* and the other cases are distinguishable because no pre-existing injuries existed, and the expert testimony requirement of *Sayer v. Williams* applies to Murray. In *Sayer,* a medical malpractice claim, the plaintiff contended that the substandard care she received caused her symptoms of dizziness and fatigue. The district court ruled that by failing to provide expert testimony on causation she had failed to prove it as a matter of law and directed a verdict in favor of the defendant. We upheld the ruling that expert testimony is required to satisfy causation in all but extraordinary cases of medical malpractice. *Sayer,* 962 P.2d at 168. The rationale for this rule was discussed in *Harris v. Grizzle,* 625 P.2d 747, 753 (Wyo. 1981):

> The law of proximate cause in malpractice cases is clear. Malpractice is a form of negligence. Before a physician may be held liable for malpractice, it must be shown that he departed from recognized standards of medical practice. In addition, that departure must be the proximate cause of the incident or occurrence which is the subject of the litigation. *Schrib v. Seidenberg,* 80 N.M. 573, 458 P.2d 825, 826 (1969).

In an action for malpractice, the plaintiff must establish that an act or omission by a physician has breached a standard of care and that the breach was the cause, both in fact and proximately, of the damage suffered by the patient. *Keogan v. Holy Family Hospital,* 22 Wash.App. 366, 589 P.2d 310, 313 (1979).

Appellant failed to prove that the proximate cause of deceased's death was the negligence of appellees. In *Keller v. Anderson* [554 P.2d 1253 (Wyo.1976)], we held that it is not sufficient to point to bad results as providing the causal link. In *Keller* we said that expert opinion is necessary to draw the causal link. In the present case, appellant has failed to provide the causal link by expert testimony.

[¶ 12] The necessity for expert testimony in the typical medical malpractice action is not present in this slip and fall negligence action. The trial court properly left it to the jury to decide the causal link between Murray's fall and her injuries based on the adequate evidence provided by her. We find no error.

*Jury Instruction on Future Damages*

[¶ 13] Over WMC's objection, the trial court submitted a jury instruction concerning loss of enjoyment of life. WMC contends that expert medical evidence was required to apportion any loss of enjoyment of life caused by the pre-existing condition from that caused by the fall, and because Murray did not provide this expert testimony, the evidence did not support giving this instruction.

[¶ 14] Before any instruction can be given, there must be evidence before the jury to which it may apply the rule of law encompassed by the instruction. *Rittierodt v. State Farm Ins. Co.,* 3 P.3d 841, 844 (Wyo.2000). Loss of enjoyment of life is a compensable damage that the fact finder may either make a separate award for, or take into consideration when arriving at the total general damages. *Mariner v. Marsden,* 610 P.2d 6, 12 (Wyo.1980). An appellate court must look to determine if the damages awarded are supported by the evidence. *Id.*

at 13.  Medical testimony is not necessary to support the damages award; a plaintiff may establish these damages by her own testimony.  *Id.*

[¶ 15]  In this case, Murray and her mother testified concerning her pain and its effect on her life.  During the jury instruction conference, the trial court ruled that the plaintiff's testimony concerning her lack of ability to do certain things that she once did was sufficient to present to the jury an instruction on loss of enjoyment of life.  The trial court's decision properly reflected the applicable law on this issue, and we find no error.  As just discussed, the jury was properly allowed to determine any causation issues generated by her pre-existing conditions and was properly allowed to make apportionment decisions without benefit of expert testimony.

*Medical Expenses*

[¶ 16]  WMC's final contention is also based upon the lack of expert testimony establishing causation, claiming insufficient evidence existed to instruct the jury on medical expenses.  We again find that the expert testimony was not necessary for the same reasons just discussed.

## CONCLUSION

[¶ 17]  In this case, the plaintiff risked relying on evidence other than expert testimony.  The jury returned a total general damages amount that the trial court reduced by fault apportionment and offset by the medical expenses already paid by WMC. The evidence was sufficient to support the jury instructions and the damages awarded.  We affirm the judgment on the verdict.