321 F.Supp.2d 1118 (2004)
In re: BAYCOL PRODUCTS LITIGATION
Edwin Ronwin
v.
Bayer Corp.
Chester T. Hennington, et al.
v.
Bayer Corp., et al.
Kevin Hughes
v.
Bayer Corp., et al.
Luberta Lawson, et al.
v.
Bayer Corp., et al.
James Richardson
v.
Bayer Corp., et al.
Donald Randall
v.
Bayer Corp., et al.
Mary Bynum, et al.
v.
Bayer Corp., et al.
Willard Watts
v.
Bayer Corp., et al.
Joseph Holifield
v.
Bayer Corp., et al.
Jeffrey Varas
v.
Bayer Corp., et al.
Rosa Lee Jackson
v.
Bayer Corp., et al.
Azell Green
v.
Bayer Corp., et al.
Ruth Hodge
v.
Bayer Corp., et al.
Barbara Anderson, et al.
v.
Bayer Corp., et al.
Vadie Mae Alexis, et al.
v.
Bayer Corp., et al.
Lucretia Lazere et al.
v.
Bayer Corp., et al.
Jose Guerra, et al.
v.
Bayer Corp., et al.
Muriel Parilla
v.
Bayer Corp., et al.
Annie Andrews, et al.
v.
Bayer Corporation
Maney Anglin, et al.
v.
Bayer Corporation
Judy Baldwin, et al.
v.
Bayer Corporation
Dorothy Bennett, et al.
v.
Bayer Corporation
Sharon Carter, et al.
v.
Bayer Corporation
Curtis Coates, et al.
v.
Bayer Corporation
Cindy Dickerson, et al.
v.
Bayer Corporation
Alice Dowling et al.
v.
Bayer Corporation
Mary Ellis, et al.
v.
Bayer Corporation
Sis Grubbs, et al.
v.
Bayer Corporation
David Hester, et al.
v.
Bayer Corporation
George Jenkins, et al.
v.
Bayer Corporation
Kenneth Michael, et al.
v.
Bayer Corporation
Mary Richardson, et al.
v.
Bayer Corporation
Charles Rogers, et al.
v.
Bayer Corporation
Verlean Toles, et al.
v.
Bayer Corporation
Clarence Wheeler, et al.
v.
Bayer Corporation
Albert Williams, et al.
v.
Bayer Corporation
Willie Womack, et al.
v.
Bayer Corporation
Jeffery Woods, et al.
v.
Bayer Corporation
Hattie Ruth Wright, et al.
v.
Bayer Corporation
Toni Andress, et al.
v.
Bayer Corp., et al.
Mateo Aolmarez, et al.
v.
Bayer Corp., et al.
Leticia Arellano, et al.
v.
Bayer Corp., et al.
Kathleen Bagnato, et al.
v.
Bayer Corp., et al.
Anthony Beam, et al.
v.
Bayer Corp., et al.
Laura Beavers, et al.
v.
Bayer Corp., et al.
Freda Bledsoe, et al.
v.
Bayer Corp., et al.
Beverly Bryant, et al.
v.
Bayer Corp., et al. 
Sigrid Carpenter, et al.
v.
Bayer Corp., et al.
Guadalupe Castillo, et al.
v.
Bayer Corp., et al.
Gary Chenette, et al.
v.
Bayer Corp., et al.
Elfie Clark, et al.
v.
Bayer Corp., et al.
Benny Cox, et al.
v.
Bayer Corp., et al.
Norma Dean Damron, et al.
v.
Bayer Corp., et al.
Leo Danforth, et al.
v.
Bayer Corp., et al.
Elva Dikes, et al.
v.
Bayer Corp., et al.
Jose Espinoza, et al.
v.
Bayer Corp., et al.
Carol Etame, et al.
v.
Bayer Corp., et al.
Carl Frey, et al.
v.
Bayer Corp., et al.
Michael Frisnia, et al.
v.
Bayer Corp., et al.
Ramona Garcia, et al.
v.
Bayer Corp., et al.
Teresa Galloway, et al.
v.
Bayer Corp., et al.
Irene Gosch, et al.
v.
Bayer Corp., et al.
David Goss, et al.
v.
Bayer Corp., et al.
Sidney Gottlieb, et al.
v.
Bayer Corp., et al.
Mary Greenhill, et al.
v.
Bayer Corp., et al.
Frances Gregg, et al.
v.
Bayer Corp., et al.
Francine Gunder-Bricq
v.
Bayer Corp., et al.
Willard Hall, et al.
v.
Bayer Corp., et al.
Nancy Hamlin, et al.
v.
Bayer Corp., et al.
Dorothy Harris, et al.
v.
Bayer Corp., et al.
Laura Hornback, et al.
v.
Bayer Corp., et al. 
Evelyn Husband, et al.
v.
Bayer Corp., et al.
Dorothy Jemmison, et al.
v.
Bayer Corp., et al.
Cardell Jones, et al.
v.
Bayer Corp., et al.
Henry Jones, et al.
v.
Bayer Corp., et al.
Martha Jones, et al.
v.
Bayer Corp., et al.
Rosa Jones, et al.
v.
Bayer Corp., et al.
Rose Jones, et al.
v.
Bayer Corp., et al.
Virginia Killen, et al.
v.
Bayer Corp., et al.
Delores King, et al.
v.
Bayer Corp., et al.
Charles Kruse, et al.
v.
Bayer Corp., et al.
Sylvia Landrum, et al.
v.
Bayer Corp., et al.
Helen Lanier, et al.
v.
Bayer Corp., et al.
Mary Lumpkin, et al.
v.
Bayer Corp., et al.
William Matthews, et al.
v.
Bayer Corp., et al.
Hubert Medlock, et al.
v.
Bayer Corp., et al.
Donald Wayne Mills, et al.
v.
Bayer Corp., et al.
Samual Moore, et al.
v.
Bayer Corp., et al.
Joann Nelson, et al.
v.
Bayer Corp., et al.
Sally Nielsen, et al.
v.
Bayer Corp., et al.
Alfred Nwokobia, et al.
v.
Bayer Corp., et al.
Inez Orta, et al.
v.
Bayer Corp., et al.
Dorothy Pampell, et al.
v.
Bayer Corp., et al.
Bertha Porter, et al.
v.
Bayer Corp., et al.
Geraldine Pulaski, et al.
v.
Bayer Corp., et al.
Lisa Ann Renfroe, et al.
v.
Bayer Corp., et al.
Maragarita Reyes et al.
v.
Bayer Corp., et al.
Joe Rice, et al.
v.
Bayer Corp., et al.
Margaret Roberts, et al.
v.
Bayer Corp., et al.
Annie Sanders, et al.
v.
Bayer Corp., et al.
Thelma Scales, et al.
v.
Bayer Corp., et al.
Argatha Scarlato, et al.
v.
Bayer Corp., et al.
Joy Shadley, et al.
v.
Bayer Corp., et al.
Iris Shepherd, et al.
v.
Bayer Corp., et al.
Sheri Simmons, et al.
v.
Bayer Corp., et al.
Mary Smith, et al.
v.
Bayer Corp., et al.
Doris Spearman, et al.
v.
Bayer Corp., et al.
Mary Sprouse, et al.
v.
Bayer Corp., et al.
James Tennyson, et al.
v.
Bayer Corp., et al.
James Tucker, et al.
v.
Bayer Corp., et al.
Eduardo Villnueva, et al.
v.
Bayer Corp., et al.
William Weekley, et al.
v.
Bayer Corp., et al.
Wilma White, et al.
v.
Bayer Corp., et al.
Bonard Wilborn, et al.
v.
Bayer Corp., et al.
Kenneth Williams, et al.
v.
Bayer Corp., et al.
Beverly Willingham, et al.
v.
Bayer Corp., et al.
Martha Willingham, et al.
v.
Bayer Corp., et al.
Carrie Woliver, et al.
v.
Bayer Corp., et al.
Mildred Wright, et al.
v.
Bayer Corp., et al.
No. MDL NO. 1431 MJD/JGL. 02-0200, 03-2926, 03-5910, 03-5912, 02-4823, 02-4827, 01-1176, 03-2935, 03-4969, 04-4977, 03-4989, 03-4991, 03-5092, 03-5945, 03-6225, 04-1241, 04-1242, 04-1243, 03-4932, 03-4942, 03-4930, 03-4938, 04-1361, 03-1175, 03-1173, 03-4931, 03-4933, 03-4934, 02-0871, 03-4943, 03-6415, 03-4935, 03-4936, 03-1174, 03-4941, 03-4937, 03-4939, 03-4940, 02-0870, 03-5853, 03-5396, 04-864, 03-5425, 03-5078, 03-5906, 03-5864, 04-866, 03-5393, 03-5414, 03-5326, 03-5394, 03-5327, 04-208, 03-5392, 03-5391, 03-5421, 04-0221, 03-5894, 03-5389, 03-5887, 03-5395, 03-5417, 04-226, 03-5867, 03-5329, 04-211, 04-223, 03-5357, 03-5355, 03-5067, 03-5076, 03-5412, 03-5886, 03-5905, 03-5073, 03-5069, 04-227, 04-210, 03-5335, 03-5419, 03-5390, 03-03-5873, 03-5885, 03-5888, 03-5328, 03-5388, 03-5890, 03-5332, 03-5415, 03-5897, 03-5359, 04-1296, 03-5416, 30-5325, 03-5420, 03-5072, 03-5418, 03-5422, 03-5904, 03-5863, 03-5907, 03-5865, 03-5070, 03-5387, 03-5077, 03-5386, 03-5333, 03-5075, 04-865, 03-5895, 03-5424, 03-5426, 03-5857, 03-5364, 03-5358, 03-5889, 03-5365, 03-5896, 04-0206.
United States District Court, D. Minnesota.
June 10, 2004.
*1124 Edwin Ronwin, Plaintiff pro se.
Jonathan W. Cartee, R. Stan Morris and Julie M. Rooksberry, Shelby, Roden & Cartee for and on behalf of Plaintiffs.
James D. Shannon and Renee C. Harrison, Shannon Law Firm, PLLC, for and on behalf of Plaintiffs.
E. Frank Woodson and Melissa Prickett, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. for and on behalf of Plaintiffs.
Craig P. Niedenthal and Jon C. Conlin, Cory, Watson, Crowder & Degaris, P.C. for and on behalf of Plaintiffs.
Peter W. Sipkins and Elizabeth S. Wright, Dorsey & Whitney, Philip S. Beck and Adam Hoeflich, Bartlit Beck Herman Palenchar & Scott, Susan A. Weber and James W. Mizgala, Sidley Austin Brown & Wood, Gene C. Shaerr, Sidley Austin Brown & Wood, Richard K. Dandrea, Eckert Seamens Cherin & Mellott, LLC and Douglas R. Marvin, Williams & Connolly, LLP for and on behalf of Bayer Corporation.
Tracy J. Van Steenburgh, Halleland Lewis Nilan Sipkins & Johnson, P.A. and Fred T. Magaziner, Dechert LLP for and on behalf of SmithKline Beecham Corp. d/b/a GlaxoSmithKline.
DAVIS, District Judge.
These matters are before the Court upon the Plaintiffs' motions for relief from parts I(A) and I(B) of PTO No. 114, which require that Plaintiffs submit either a case-specific expert report from a medical expert attesting that Baycol caused the plaintiff injury or a letter and supporting documents, followed by a case-specific expert report, that identifies and highlights the medical records, samples or prescriptions that document Baycol use, states the specific injury alleged, and copies of relevant medical, sample or prescription records.
The issue raised in all of Plaintiffs' motions is whether the state law governing their claims requires a case-specific expert report to prove causation in fact. Plaintiffs assert that the Baycol cases are analogous to vehicular accident and other personal injury cases, and that in such cases, expert testimony is not necessary to prove causation where there is an obvious causal relationship between the injury complained of and the alleged act. Plaintiffs argue that general causation is not an issue in these cases, therefore they can establish causation in fact through lay testimony that they ingested Baycol, that they suffered injury subsequent to that ingestion, whether some other event in their lives could have caused such injury and whether Baycol was in fact the case of the injury.

Analysis
The Court has reviewed the case law cited by Plaintiffs in their briefs, and finds that the relevant state law concerning the plaintiff's burden of proof as to causation in personal injury actions is consistent. Generally, to prove a negligence claim, state law requires that the plaintiff prove injury and a causal connection between the claimed injury and the event sued upon. See e.g., Morgan v. Compugraphic Corporation, 675 S.W.2d 729, 732 (Tex.1984); Dennis v. Prisock, 221 So.2d 706, 710 (Miss.1969); Page v. Cox & Cox, Inc., ___ So.2d ___, 2004 WL 406085, *7 (Ala.Civ.App.2004); Eannottie v. Carriage Inn of Steubenville, 155 Ohio App.3d 57, 799 N.E.2d 189, 192 (2003); Orman v. Williams Sonoma, Inc., 803 S.W.2d 672, 676 (Tenn.1991); Simmons v. King, 833 So.2d 1148, 1150 (La.Ct.App.2002); Parker *1125 v. Elco Elevator Corp., 250 Va. 278, 462 S.E.2d 98, 100 (1995); Hurd v. Windsor Garden Convalescent Hospital, 2002 WL 1558600 (Cal.App. 2 Dist.2002); Lattanze v. Silverstrini, 302 Pa.Super. 217, 448 A.2d 605, 608 (1982); Wyoming Medical Center, Inc., 27 P.3d 266, 268-269 (2001); Aspiazu v. Orgera, 205 Conn. 623, 535 A.2d 338, 341 (1987); M.M.D. v. B.L.G., 467 N.W.2d 645, 646 (Minn.Ct.App.1991).
A medical expert may be utilized to prove that the event sued upon caused the alleged injury. However, in some cases, state law recognizes that a medical expert may not be necessary to prove causation. "Lay testimony is adequate to prove causation in cases in which general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition." Dawson v. Briggs, 107 S.W.3d 739, 753-754 (Tex.App.2003). See also, Eannottie, 799 N.E.2d at 192 ("in a negligence action involving conduct within the common knowledge and experience of jurors, expert testimony is not required."); Orman, 803 S.W.2d at 676 ("Except in the most obvious, simple and routine cases, the claimant in a worker's compensation action must establish by expert medical evidence the causal relationship alluded to above between the claimed injury ... and the employment activity."); Atchison, 391 P.2d at 579 ("The accepted rule is that negligence on the part of the physician or surgeon, by reason of his departure from the proper standard of practice, must be established by expert medical testimony, unless the negligence is so grossly apparent that a layman would have no difficulty in recognizing it."); Lattanze, 448 A.2d at 608 (generally plaintiff must prove causation by expert medical testimony except where there is an obvious causal relationship  one where injuries are immediate and direct or the natural and probable result of the alleged negligent act."); Aspiazu, 535 A.2d at 342 (expert testimony not needed if the medical condition is obvious or common in every day life or if evidence creates a probability so strong that a jury can form a reasonable belief without aid of an expert); M.M.D., 467 N.W.2d at 647 (expert testimony necessary where the "question involves obscure and abstruse medical factors such that the ordinary laymen cannot reasonably possess well-founded knowledge of the matter and could only indulge in speculation in making a finding.").
There are two reasons why this Court cannot agree that the Baycol cases before it fall within the exception to the expert testimony requirement. First, the Court notes that Plaintiffs do not cite to a single state law opinion that supports their position that personal injury cases involving pharmaceuticals, toxins or medical devices are analogous to vehicle accidents or other personal injury cases. Second, pursuant to one of the medical experts retained by the Plaintiffs' Steering Committee ("PSC"), the alleged injuries sustained by the plaintiffs that ingested Baycol, including muscle pain and weakness, require a physician to perform a differential diagnosis to determine the origin of such injury. Deposition of Thomas M. Zizic, M.D. at 184. Relevant to the causation inquiry is a particular plaintiff's medical history, and any medications taken at the same time as Baycol to determine whether concomitant illnesses or medications could be the cause of such injuries. Id. at 185. Similarly, another medical expert retained by the PSC testified at his deposition that it is important to investigate alternative causes of injury when making a diagnosis. Deposition of George Kaysen, M.D. at 38-39, 41. The ability to perform a differential diagnosis is clearly beyond the ability or experience of a lay person.
For these reasons, this Court finds that the Baycol cases are not analogous to *1126 vehicle accident or other personal injury actions which do not require a differential diagnosis. Rather, this Court joins with those courts that have held personal injury cases involving pharmaceuticals, toxins or medical devices involve complex questions of medical causation beyond the understanding of a lay person. See e.g. McClain v. Metabolife Int'l, Inc., 193 F.Supp.2d 1252, 1258 (N.D.Al.2002) (expert is required to prove causation in this case, as interplay between ephedrine, caffeine and the other ingredients in Metabolife 356, the varying states of pre-existing ill-health of Plaintiffs, and their various ultimate injuries is "complex and technical in nature"); Sanderson v. Int'l Flavors and Fragrances, Inc., 950 F.Supp. 981, 985 (C.D.Cal.1996)(case involving exposure to aldehydes involved scientific issues beyond the experience of laymen); Blinn v. Smith & Nephew Richards, Inc., 55 F.Supp.2d 1353, 1361 (M.D.Fla.1999) (case involving bone screw required expert testimony to prove defect and causation); Wintz v. Northrop Corporation, 110 F.3d 508, 515 (7th Cir.1997) (applying Illinois law, case involving in utero exposure to bromide required expert testimony to prove causation); In re: Propulsid Products Liability Litigation, 261 F.Supp.2d 603, 618 (E.D.La.2003)(summary judgment in favor of defendant appropriate where plaintiff failed to submit admissible expert testimony to prove plaintiff's injuries caused by ingestion of Propulsid); Graham v. American Cyanamid Company, 350 F.3d 496, 507 (6th Cir.2003) (whether oral polio vaccine caused injury involved technical and scientific issues, expert testimony needed to prove causation); Sayer v. Williams, M.D., 962 P.2d 165, 167 (Wyo.1998) (expert testimony necessary to prove doctor's negligence caused injury where plaintiff's high blood pressure or Hepatitis C could have caused the symptoms of which plaintiff complained).
The above analysis applies equally to the motion of Plaintiff Edwin Ronwin[1]. The case cited by Plaintiff Ronwin in support of his motion involves injuries resulting from a slip and fall. Wyoming Medical Ctr., 27 P.3d at 267. In Wyoming Medical, the plaintiff slipped and fell in a parking structure, hitting the back of her head, her back and dislocating her knee. Id. at 268. At trial, the plaintiff and her doctor testified that injuries to her back and knee were caused by the slip and fall. Id. On appeal from a verdict in favor of the plaintiff, the defendant argued that the plaintiff needed an expert to prove causation. The Wyoming Supreme Court disagreed, finding that "the testimony of the plaintiff may be sufficient, without the use of experts, to establish the element of causation between an accident and the plaintiff's injuries." Id. at 269 (emphasis added). Based on the particular facts in the Wyoming Medical case, the court held that an expert was not needed to prove causation. Id.
Plaintiff Ronwin's Baycol case is not an accident case, nor does it involve facts in which causation is obvious. Rather, his case raises the issue of whether the pharmaceutical, Baycol, caused his particular injuries, which include left arm pain, blurred vision, leg pain, slight caterax in both eyes, and a torn rotator cuff. Exhibit A to Bayer Opposition to Plaintiffs' Motions for Relief from Parts I(A) and I(B) of PTO 114. Contrary to Plaintiff Ronwin's assertions, whether Baycol caused such injuries *1127 is beyond the understanding and experience of a lay person, and will require a differential diagnosis. See, Sayer 962 P.2d at 167 (expert testimony necessary where multiple medical conditions could have caused alleged injury).
IT IS HEREBY ORDERED that the above named Plaintiffs' Motion for Relief From Parts I(A) and I(B) are DENIED.
NOTES
[1] Plaintiff Ronwin has also submitted a letter in addition to his motion for relief under PTO No. 114, raising the question of how to file a motion for an extension of time to comply with the discovery deadlines contained in PTO No. 114. Section VII of PTO No. 114 provides that the parties may stipulate to such an extension, or that the plaintiff may move for an extension. If a motion for an extension is filed, such motion will be heard by this Court.