**Sophia BERTSCH, Plaintiff and Appellant,**

**v.**

**Douglas ZAHN, Defendant and Respondent.**

**No. 8300.**

Supreme Court of North Dakota.

April 20, 1966.

Rausch & Chapman, Bismarck, for plaintiff and appellant.

Vogel, Ulmer & Bair, Mandan, for defendant and respondent.

TEIGEN, Chief Justice.

The plaintiff has appealed from a judgment dismissing her complaint. The case was tried to the court, without a jury, and a trial de novo is demanded, pursuant to Section 28–27–32, N.D.C.C.

This action arose out of a two-car collision on U. S. Highway No. 10 approximately eleven miles east of Bismarck in which the plaintiff was injured. The plaintiff, Mrs. Bertsch, was a passenger in the automobile driven by her husband, Jacob Bertsch, and she seeks to recover for her personal injuries from Douglas Zahn, the driver of the other automobile. Plaintiff and her husband were traveling east, and the defendant was traveling west. The accident occurred when the plaintiff's husband made a left turn onto an intersecting road, crossing the defendant's lane of travel as the defendant was approaching the intersection. Although the defendant attempted to stop his vehicle, he was unable to do so. A collision resulted on the north approach of the intersecting road.

The plaintiff's husband estimated his speed before the turn was 55 miles per hour. However, he testified that before commencing the turn he had slowed his speed to about 20 miles per hour. Neither the plaintiff nor her husband recall any of the events that occurred after slowing the vehicle for the purpose of making the turn, and Mr. Bertsch could not recall whether he signalled before making the turn. Neither of them recall seeing the defendant's vehicle approaching from the east. The accident occurred about 1:00 P.M., July 3, 1964. The weather was clear, and the roads were dry. Highway No. 10 at the accident scene consists of a 24 foot mat of hardtop with eight-foot gravel and oil shoulders.

The defendant testified he was traveling between 50 and 60 miles per hour when he first observed the Bertsch vehicle about a quarter of a mile east of the intersection. There was no traffic between them, although he noted two or three vehicles following the Bertsch automobile. The defendant estimated he was a block, or approximately 300 feet, east of the intersection when he first noticed that the Bertsch vehicle was turning across his traffic lane. He saw no signal indicating a left turn and testified that the first knowledge he had that the vehicle was going to turn was when it was turning. The defendant applied his brakes and attempted to stop his vehicle. It laid down skid marks for a distance of 180 feet to the point of impact. These skid marks, as testified to by a highway patrolman, reveal that the first 64 feet consisted of a single skid mark laid down by the right wheels on the hardtop surface of the highway. They veered to the right, and the last 116 feet were double skid marks made by the wheels on both sides of the defendant's vehicle. The latter were visible on the north shoulder of the highway. These skid marks indicate that as the defendant braked his automobile it moved to the right. It is not clear from the testimony whether the application of the brakes caused it to pull toward the right. The front end of the defendant's vehicle struck the Bertsch vehicle on the right side. It dented the right side of the Bertsch vehicle from the back part of the front door panel, across the rear door panel, and ending on the body panel immediately to the back of the rear door. The defendant's vehicle stopped on the approach of the intersecting road. The Bertsch vehicle turned to the left, proceeded northwesterly into the ditch

and stopped about 32 feet from the point of impact. It stopped almost parallel with the hardtop mat of Highway No. 10 about 28 feet from the shoulder thereof. The left rear of the defendant's vehicle was 11 feet north of the mat and the front left of his vehicle 10 feet distant therefrom. Neither vehicle overturned.

The trial court found the plaintiff's husband had failed to give an appropriate signal in making the left turn, that he made the turn at a time when such movement could not be made with reasonable safety, that he failed to yield the right of way to the defendant's approaching vehicle, that the defendant had a right to presume that the other driver would obey the rules of the road and that no left turn would be made, that the defendant was operating his vehicle at a lawful speed and kept a proper lookout and control, and that the defendant's brakes were in proper working condition. He concluded that the defendant was not negligent; therefore, the plaintiff had no right to recover damages from the defendant for her personal injuries sustained as a result of the accident.

■ The only issues before us on this appeal are: Was the defendant negligent; and, if so, was his negligence the proximate cause of the plaintiff's injuries?

On trial de novo on appeal, the Supreme Court must review and weigh the evidence and find facts independently of trial court's findings, but in so doing, findings of trial court will be considered and given appreciable weight, especially when based upon testimony of witnesses who appeared in person before trial court. Umland v. Frendberg, N.D., 63 N.W.2d 295.

■ The plaintiff in her argument to this Court contends that the physical facts in evidence conclusively establish that the defendant was negligent. In support of this contention it is urged the skid marks prove the defendant's vehicle was not equipped with proper brakes. The defendant was examined relative to his brakes and testified that they were of the self-adjusting type and manual, as opposed to power brakes; that it had never been necessary to have the brakes adjusted, nor had he ever experienced any difficulty with them. There is no evidence of record establishing that defendant's vehicle was not equipped with brakes as required by our statutes or that the defendant experienced brake failure. On the contrary, the physical evidence establishes that the brakes did work while on the hardtop and laid down skid marks for a distance of 64 feet on the right-hand side, and after leaving the hardtop and traveling on the shoulder, the wheels on both sides of the defendant's vehicle laid down skid marks; therefore, it appears conclusive that there was not brake failure. It is common knowledge that the gripping surface of a hardtop highway is more efficient than the gripping surface of a graveled shoulder, and the fact that the brakes on the left side of defendant's vehicle did not lay down skid marks while on the hardtop surface of the highway does not prove that these brakes did not work. This is especially true when the evidence reflects that all wheels laid down skid marks as the automobile traveled on the shoulder of the highway.

■ The evidence supports a finding that the defendant was proceeding lawfully in his lane of travel when, without warning, the automobile which he was meeting turned to the left across his lane of travel. The defendant was compelled to make a hurried decision; an emergency was created. The defendant testified that there were two or three vehicles following the approaching Bertsch vehicle; therefore he could not turn to the left and into the left-hand lane of travel. We believe the defendant chose the only course of action open to him. We do not find this was negligence.

Counsel for the plaintiff also argues that the physical facts establish that the defendant was traveling in excess of the allowable speed limit of 65 miles per hour. The de-

fendant testified he was traveling between 50 and 60 miles per hour. The allowable speed limit was 65 miles per hour. In support of this contention counsel for the plaintiff has set up a mathematical formula which, applied to selected facts in evidence and aided by certain assumptions, he now asserts establishes with certainty that the defendant was traveling in excess of 65 miles per hour. We see no reason to discuss this formula. The only known factor, the accuracy of which is not in dispute, is the measurement of the skid marks, which establishes that the brakes had been applied with sufficient force to cause skid marks for at least 180 feet. Although we do not take judicial notice of the accuracy of tables of driver stopping distances, it is of interest, nevertheless, to note from the tables as contained in "Desk Book" American Jurisprudence 2d, that the minimum stopping distance after depressing the brakes where there is 100 per cent gripping efficiency at 65 miles per hour is 141 feet, that the gripping efficiency of concrete, asphault, or brick driving surface if worn is 85 per cent, of gravel or cinders is 65 per cent, and that the gripping efficiency of brakes classified as excellent is 75 per cent. Therefore, assuming a gripping efficiency of 75 per cent, the required distance to stop a passenger vehicle traveling at 65 miles per hour after depressing the brake is given as 180 feet. According to the uniform table contained in the same volume, agreed to by ten national traffic safety organizations, the stopping distance of a passenger vehicle traveling at the rate of 65 miles per hour, including perception and reaction distances, is 419 feet, broken down as follows: perception distance, 72 feet; reaction distance, 72 feet; and vehicle stopping distance, 275 feet. We are cognizant of the fact there are other tables with differing results. However, we cannot say, in view of the defendant's testimony and the physical facts alluded to, that a known braking distance of 180 feet is conclusive proof that the vehicle was traveling in excess of 65 miles per hour. The defendant's vehicle struck the Bertsch vehicle broadside, as it was being driven on

the approach of the intersecting road. Photographs of the vehicles in evidence do not indicate that the defendant's vehicle struck the Bertsch vehicle with very great force, and the evidence establishes the defendant's vehicle stopped almost at the point of impact. We do not consider the fact that the vehicle in which the plaintiff was riding turned to the left after the impact and proceeded for a distance of 32 feet is of any significant weight because that vehicle was moving forward under its own power; and although it changed direction, there is nothing in the record to indicate that it was propelled that distance by the force of the impact. For these reasons we see no merit in plaintiff's argument.

The plaintiff also contends the defendant was negligent in failing to apply his emergency brake. We see no force in this argument. Foot brakes were sufficient to cause the wheels to slide; therefore applying the emergency brake would not have added to the braking force.

Lastly, plaintiff argues that the defendant admitted to the plaintiff's husband in a conversation which occurred after the accident, at the hospital, that the accident was his fault and that his brakes "pulled him over." This was corroborated in part by another patient in the same room who testified he heard the defendant's statement to the plaintiff's husband that he was at fault, but he did not hear him say his brakes pulled his vehicle to the right. The defendant admitted having a conversation with Mr. Bertsch at the hospital, but he denied making any statement to the effect that his vehicle pulled over to the shoulder due to faulty brakes or that the accident was his fault. Thus there was a conflict in the evidence. It was resolved by the trial court against the plaintiff. The trial court saw and heard the witnesses, whereas we have before us but the cold record. Furthermore, we know from experience that what an individual concludes is his fault may not in the eyes of the law be his fault. Considering also the circumstances

it is entirely possible the statements if made, were made out of compassion and sympathy because of injuries suffered by Mr. Bertsch. In any event, we are reluctant to disturb the findings of the trial court who had the parties before him and heard their testimony. Even if we assume the truth of the plaintiff's contentions in this respect it, in itself, is not sufficient upon which to base liability.

For the reasons heretofore stated we affirm the judgment of the trial court.

STRUTZ, ERICKSTAD, and KNUDSON, JJ., concur.

MURRAY, J., not being a member of the Court at the time of submission of this case, did not participate.