928 P.2d 732

Michael RANDALL, a single man; Jeffrey Nesler Randall and Michelle Eileen Randall, minor children of Michael Randall, by and through their next best friend and mother, Wendy Randall, Plaintiffs/Appellants,

v.

Maria ALVARADO–WELLS, Defendant/Appellee.

No. 2 CA–CV 96–0136.

Court of Appeals of Arizona, Division 2, Department A.

Nov. 29, 1996.

Dickerson, Butler, Rabb & Rodriguez, P.C. by J. Patrick Butler, Tucson, for Plaintiffs/Appellants.

Hazlett & Wilkes by Carl E. Hazlett and Thomas M. Bayham, Tucson, for Defendant/Appellee.

## OPINION

PELANDER, Presiding Judge.

■ The issue here is whether a party's disputed admission of fault, in the absence of any other evidence establishing negligence, necessarily precludes summary judgment for that party. Under the circumstances of this case, we think not and therefore affirm the trial court's summary judgment for defendant.

Viewing the evidence and all reasonable inferences therefrom in the light most favorable to plaintiffs, *Angus Medical Co. v. Digital Equip.*, 173 Ariz. 159, 840 P.2d 1024 (App. 1992), the facts are as follows. Plaintiff Michael Randall (hereafter plaintiff) was seriously injured in a motor vehicle accident in August 1994. He was driving a motorcycle in the center lane of three eastbound lanes on 22nd Street in Tucson, just behind a red Blazer driven by defendant. Another vehicle (the Miranda vehicle) was traveling in the inner eastbound lane, slightly behind and to the left of defendant's vehicle. Defendant's vehicle and the Miranda vehicle both were traveling about 40 miles per hour, the posted speed limit.

Defendant testified at her deposition that she saw plaintiff's motorcycle come up behind her, saw its left turn signal and then heard a crash. After seeing that the motorcycle had "moved up pretty close and fast" to "within a car length" of her vehicle, and just before hearing the crash, defendant shifted from fourth to fifth gear. The accident oc-

curred when plaintiff's motorcycle struck the passenger side of the Miranda vehicle in the inner lane, causing plaintiff to lose control and slide some distance down the roadway. There was no contact between plaintiff's motorcycle and defendant's vehicle.

■ A passenger in the Miranda vehicle testified in deposition that after the accident defendant told her and others at the scene that "she thought that it was her fault" and stated: " 'I shouldn't have slowed down, I should have'—'I shouldn't have been going that fast, or I should have slowed down....' " According to the witness, defendant first said "she slowed down too fast," and then said: " 'I was going too slow. I might have been going too slow.' "[1] Defendant appeared anxious or scared at the time. Although defendant recalled having a conversation with the driver or passenger of the Miranda vehicle, she flatly denied making any such statements. Nonetheless, they were admissions by a party and are not, therefore, hearsay. Ariz.R.Evid. 801(d)(2)(A), 17A A.R.S. The admissions alone, plaintiff maintains, presented a triable issue of fact concerning defendant's negligence and precluded summary judgment on that issue. We disagree.

■ First, a party's admission that he or she was at fault does not automatically make it so. Nor does it necessarily preclude summary judgment when any facts showing fault are completely lacking. In *Jephson v. Ambuel*, 93 Idaho 790, 473 P.2d 932 (1970), the Idaho Supreme Court affirmed a summary judgment for a defendant/motorist who struck a motorcyclist, even though the defendant admitted fault several times after the accident. In reasoning that we find equally applicable here, the court stated:

The two statements ... by [defendant] to the effect that she was "at fault" were merely conclusions; they provide no factual particulars upon which a jury could predicate a finding of negligence. They indicated no acts or omissions on the part

1. According to the witness, the woman who made the statements at the scene had characteristics and clothing resembling defendant's, but had been driving a blue car, not a red Blazer. Those discrepancies alone, however, would not

justify summary judgment. Rather, the questions of identity as to whether declarant actually was defendant presented factual issues not appropriate for summary disposition.

of the [defendant] which could be described as "negligent." A party is not bound by admissions of "fault" where there is no legal liability for actionable "fault" based on the evidence. The only inferences of negligence which could be drawn from these statements would have to be the product of pure speculation, and a judgment should not be allowed to rest on speculation and conjecture alone.

*Id.* at 794, 473 P.2d at 936. *See also LaMoreaux v. Fosket,* 45 Wash.2d 249, 273 P.2d 795 (1954).

■ Second, we fail to see how defendant's nebulous admissions support an actionable negligence claim here in the absence of any supporting evidence. Just before the accident defendant and Miranda were traveling at the posted speed limit of 40 miles per hour, and there was no evidence that defendant stopped, down-shifted, braked, or suddenly or measurably slowed her speed before the collision. Defendant's testimony that she never took her foot off the accelerator, other than to shift gears, was uncontroverted. The passenger in Miranda's vehicle was not aware of any evidence indicating that defendant caused or contributed to the accident in any way.[2]

■ We do not agree with plaintiff's assertion that "[a] jury could reasonably infer from [the] evidence that [defendant] suddenly slowed down when she removed her foot from the accelerator to shift gears, and that [plaintiff] hit the [Miranda] vehicle while taking sudden evasive action to avoid running into the rear of [defendant's vehicle]." There must be some probative evidence to support such an inference, and here there simply is none. The record contains no evidence, either lay or expert, indicating how or why this accident occurred, and in our view the inference plaintiff seeks to have drawn rests on sheer speculation. That is insufficient to present a triable issue of fact.

■ We also have great difficulty with the proposition that A.R.S. §§ 28–754(C), 28–755 and 28–756(A)(3) apply to a momentary

pause in a vehicle's acceleration or a slight decrease in speed for purposes of shifting gears. In the absence of any evidence, other than defendant's ambiguous statements, that she significantly and "suddenly decrease[d] the speed of [her] vehicle," § 28–754(C), there is no sufficient basis for establishing any statutory violation.

■ Defendant clearly had a duty to drive with reasonable care so as to not subject other motorists to unreasonable risks of harm. *Rudolph v. Arizona B.A.S.S. Fed'n,* 182 Ariz. 622, 625, 898 P.2d 1000, 1003 (App. 1995). Under the circumstances, however, the trial court could have concluded as a matter of law that defendant did not breach her duty of care to plaintiff or other motorists, *cf. Davis v. Cessna Aircraft Corp.,* 182 Ariz. 26, 31–33, 893 P.2d 26, 31–33 (App. 1994), or that plaintiff presented insufficient evidence of causation. *Cf. Flowers v. K–Mart,* 126 Ariz. 495, 616 P.2d 955 (App.1980).

■ Summary judgment was appropriate because "the facts produced in support of [plaintiff's] claim ... have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim...." *Orme School v. Reeves,* 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990). To rule otherwise "would have permitted the jury to draw speculative inferences not based on probative facts." *Casey v. Beaudry Motor Co.,* 83 Ariz. 6, 12, 315 P.2d 662, 666 (1957).

Affirmed.

DRUKE, C.J., and LIVERMORE, J., concur.

---

**2.** Although there was evidence supporting defendant's claim of comparative fault on plaintiff's part, that would not support summary judgment for defendant. Ariz. Const. art. 18, § 5; A.R.S. § 12–2505(A).