# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 143

OCTOBER TERM, A.D. 2020

November 25, 2020

NATHAN WAGEMAN,

**Appellant**
**(Plaintiff),**

**v.**

S-20-0067

**DESTIN HARRELL,**

**Appellee**
**(Defendant).**

*Appeal from the District Court of Park County*
*The Honorable John R. Perry, Judge*

*Representing Appellant:*
  Larry B. Jones and Colin M. Simpson, Burg Simpson Eldredge Hersh & Jardine, P.C., Cody, Wyoming. Argument by Mr. Jones.

*Representing Appellee:*
  Kevin K. Kessner, Yonkee & Toner, LLP, Sheridan, Wyoming.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]     Nathan Wageman sued Destin Harrell for negligence following a car collision in Cody, Wyoming. At trial, Mr. Wageman moved for judgment as a matter of law on the issue of Mr. Harrell's negligence. The district court reserved its ruling on the motion and the jury found Mr. Harrell not negligent. Mr. Wageman appeals the court's judgment entered on the jury verdict, arguing there was no basis for the jury to conclude Mr. Harrell was not negligent because the evidence established he violated Wyo. Stat. Ann § 31-5-222(b). We affirm.

## *ISSUES*

[¶2]     Mr. Wageman presents two issues, which we rephrase as:

> I. Did the district court err when it denied Mr. Wageman's motion for judgment as a matter of law?

> II. Was there sufficient evidence to support the jury verdict finding Mr. Harrell not negligent?

## *FACTS*

[¶3]     The collision occurred at the corner of 11th Street and Canyon Avenue—a "T-intersection" controlled by a stop sign on Canyon Avenue. Testimony at trial described the intersection as "complex." Drivers approaching from the south descend a steep hill immediately prior to the blind turn onto Canyon Avenue and drivers approaching from the west encounter view-obstructing shrubbery and, at certain times, blinding sunlight.

[¶4]     Mr. Wageman and his wife, Kelly Wageman, were driving north on 11th Street, intending to turn left onto Canyon Avenue. Mr. Harrell and his wife, Lisa Marks, were stopped at the Canyon Avenue stop sign, facing east, and waiting to make a left turn onto 11th Street. Mr. Harrell proceeded from the stop sign as Mr. Wageman turned and Mr. Harrell's car struck the driver side of Mr. Wageman's truck. Mr. Wageman sued Mr. Harrell for damages for physical injuries he claimed he suffered as a result of the collision.

[¶5]     Mr. Wageman, Mrs. Wageman, Mr. Harrell, and Ms. Marks testified at trial with two differing accounts of what occurred. In his motion for judgment as a matter of law on the issue of Mr. Harrell's negligence, Mr. Wageman argued the undisputed facts established that Mr. Harrell clearly violated his duty as a driver. The court reserved its ruling on Mr. Wageman's motion and gave the case to the jury. The jury found Mr. Harrell not negligent, and the court entered judgment on the verdict.

1

## STANDARDS OF REVIEW

[¶6]   We review whether Mr. Wageman was entitled to judgment as a matter of law under W.R.C.P. 50(a) de novo. *Witherspoon v. Teton Laser Center, LLC*, 2007 WY 3, ¶ 8, 149 P.3d 715, 723 (Wyo. 2007) (citations omitted); *Wyoming Medical Center, Inc. v. Murray*, 2001 WY 63, ¶ 6, 27 P.3d 266, 268 (Wyo. 2001) (citing *Sayer v. Williams*, 962 P.2d 165, 167 (Wyo. 1998)). We undertake a full record review and, without weighing the credibility of witnesses or considering the weight of evidence, determine whether "there can be but one conclusion as to the verdict that reasonable persons could have reached." *Witherspoon*, ¶ 8, 149 P.3d at 723 (citations omitted). "[W]e view the evidence in the light most favorable to the nonmoving party[,] [giving] that party the benefit of all reasonable inferences that may be drawn from the evidence." *Sherard v. Sherard*, 2006 WY 105, ¶ 16, 142 P.3d 673, 678 (Wyo. 2006) (citing *Johnson v. Reiger*, 2004 WY 83, ¶ 8, 93 P.3d 992, 995 (Wyo. 2004)). And, "[w]hen the evidence permits more than one reasonable inference or the inferences favorable to the moving party are subject to doubt, . . . a motion for judgment as a matter of law must be denied." *Id.* (quoting *Johnson*, ¶ 8, 93 P.3d at 995).

[¶7]   In considering Mr. Wageman's sufficiency of the evidence argument, we must keep in mind that Mr. Wageman, as plaintiff, bore the burdens of production and persuasion as to Mr. Harrell's negligence. *See In re Hirsch*, 2014 WY 61, ¶ 40, 323 P.3d 1107, 1116 (Wyo. 2014) (citing *Little v. State ex rel. Dept. of Workforce Services*, 2013 WY 100, ¶ 34, 308 P.3d 832, 842 (Wyo. 2013)). Evaluating the record and the jury's verdict in that light, we assume the evidence in favor of Mr. Harrell is true, do not consider conflicting evidence, and afford Mr. Harrell the benefit of every favorable inference that may reasonably and fairly be drawn from it. *See Management Nominees, Inc. v. Skowronska*, 2019 WY 105, ¶ 21, 450 P.3d 672, 678 (Wyo. 2019) (citations omitted). As long as the jury's findings are supported by such evidence, we will not disturb its verdict. *Medlock v. Merrick*, 786 P.2d 881, 884 (Wyo. 1990) (citations omitted).

## DISCUSSION

### I.   Mr. Wageman was not entitled to judgment as a matter of law.

[¶8]   A negligence claim requires that the defendant owed the plaintiff a duty, breached that duty, and caused the plaintiff injury.[1] *Frost*, ¶ 8, 148 P.3d at 19 (citation omitted). The district court determines what standard of conduct defines a defendant's duty, *see id.* ¶ 11, 148 P.3d at 20, and here, without objection from Mr. Wageman, the court instructed the jury that Mr. Harrell's conduct should be measured against the duty of ordinary care:

---

[1] If the court had granted Mr. Wageman's motion for judgment as a matter of law, the elements of duty and breach would have been satisfied, leaving only the issues of causation, comparative fault, and damages for the jury. *See Frost v. Allred*, 2006 WY 155, ¶ 9, 148 P.3d 17, 19 (Wyo. 2006); *Lucero v. Holbrook*, 2012 WY 152, ¶ 7, 288 P.3d 1228, 1232 (Wyo. 2012).

## JURY INSTRUCTION NO. 9

> When the word negligence is used in these instructions, it means the failure to use ordinary care. Ordinary care means the degree of care which should reasonably be expected of the ordinary careful person under the same or similar circumstances. The law does not say how such an ordinary careful person would act. That is for you to decide.

[¶9]   The court further instructed the jury, without objection:

## JURY INSTRUCTION NO. 14

> Violation of a statute is evidence of negligence. If you determine that a party violated a statute on the occasion in question and that the violation played a substantial part in bringing about the injury or damage, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether the party was at fault at the time of the occurrence.

[¶10]   Mr. Wageman argues on appeal that Mr. Harrell's violation of Wyo. Stat. Ann. § 31-5-222(b)[2] "constituted actionable negligence" and makes this case one in which "there are no questions of facts as to Appellee's negligence[.]" If Mr. Wageman is now suggesting that evidence Mr. Harrell violated § 31-5-222 is conclusive proof of negligence—that Mr. Harrell was negligent per se—he provides no cogent argument or authority to support his argument, or any explanation why he assented to the jury instructions. We therefore do

---

[2] Jury Instruction No. 15 provided:

> At the time of the collision in question, the statutes of the State of Wyoming stated as follows:
>
> Except when directed to proceed by a police officer, every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it. After having stopped the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time when the driver is moving across or within the intersection or junction of roadways[.]

Wyo. Stat. Ann. § 31-5-222(b) (LexisNexis 2019).

3

not address this argument. *See Reichert v. Daugherty*, 2018 WY 103, ¶ 28, 425 P.3d 990, 997 (Wyo. 2018) (citing *Bruckner v. State*, 2018 WY 51, ¶ 17, 417 P.3d 178, 182 (Wyo. 2018) ("[This] Court has a long-standing precedent of summarily affirming cases or issues not supported by cogent argument or pertinent authoritative citation.")).

[¶11]  Instead, we address whether evidence that Mr. Harrell violated § 31-5-222, together with all the other facts and circumstances in evidence, permitted the jury to draw but one conclusion.  To be entitled to judgment as a matter of law, Mr. Wageman had to show that reasonable jurors could only conclude from the evidence that Mr. Harrell breached his duty to use ordinary care.  *See Witherspoon*, ¶ 8, 149 P.3d at 723.  The full record shows the evidence is not so conclusive and permitted more than one reasonable inference.

[¶12]  Mr. Wageman testified he saw Mr. Harrell's vehicle stopped at the stop sign on Canyon Avenue as he descended the 11th Street hill.  Mr. Wageman turned on his blinker and, having the right of way, proceeded into the intersection to turn left.  He stayed in his own lane of travel as he turned.  While in the intersection, he saw Mr. Harrell accelerate quickly from the stop sign.  He told his wife to "brace for impact" and then felt his truck get struck on the driver's side.  After the accident, he claimed Mr. Harrell said "he was sorry that he ran into the truck and the sun was in his eyes."

[¶13]  Mrs. Wageman also recalled seeing Mr. Harrell's car at the stop sign.  She testified Mr. Wageman was slowing down to make a left turn when he told her they were going to crash.  She also heard Mr. Harrell apologize to Mr. Wageman and state the accident was his fault.

[¶14]  Mr. Harrell testified he knew the intersection well and drove it frequently.  He considered it "complex" because it was hard to see traffic coming down the hill due to shrubs and vegetation.  He always pulled up in the middle of the lane so no one could pull up beside him and further obstruct his view.  That day, he "looked left, looked right, looked left, looked right[,]" and took "extra time to look."  He recalled the sun was in his eyes as it crested the ridgeline.  He thought he had a good gap in traffic and did not see Mr. Wageman's truck until it "occluded the sun."

[¶15]  Mr. Harrell said he did not accelerate fast from the stop sign and was going about two to three miles per hour when the collision occurred.  He "moved maybe a few feet and made instant contact" with Mr. Wageman's truck.  Mr. Harrell testified Mr. Wageman cut into Mr. Harrell's lane of travel as he turned.  Mr. Harrell recalled apologizing after the crash but did not recall claiming fault.

[¶16]  Ms. Marks testified Mr. Harrell stopped behind the stop sign, watched for traffic, and proceeded "when he thought the coast was clear."  She claimed they were not going fast and said the collision occurred a few feet from the stop sign where Mr. Wageman had made "a sharp left turn and cut through [their] lane[.]"

4

[¶17]  In sum, the jury heard two versions of the accident.  The Wagemans asserted Mr. Harrell was negligent for failing to yield the right-of-way.  They claimed he accelerated quickly despite his inability to see and struck their vehicle in the middle of the intersection.  Conversely, Mr. Harrell and Ms. Marks recounted Mr. Harrell's careful approach to this complex intersection.  They said he waited, watched traffic, proceeded slowly when the chance arose, and only drove a few feet before colliding with Mr. Wageman, who had cut into their lane of travel.  No other physical evidence or witness testimony was presented regarding the location of the impact within the intersection.

[¶18]  The conflicting trial testimony permitted the jury to draw more than one reasonable inference.  Notwithstanding evidence that Mr. Harrell violated Wyo. Stat. Ann. § 31-5-222, the jury could reasonably conclude from Mr. Harrell's and Ms. Marks' testimony that Mr. Harrell acted as an ordinary careful person would under the same or similar circumstances.  Consequently, Mr. Wageman  was not entitled to judgment as a matter of law.  *See Sherard*, ¶ 16, 142 P.3d at 678 ("When the evidence permits more than one reasonable inference . . . a motion for judgment as a matter of law must be denied.") (citation omitted).

## II.    *The evidence was sufficient to support the jury's verdict.*

[¶19]  Mr. Wageman presented some evidence of Mr. Harrell's negligence; however, he did not persuade the jury that Mr. Harrell was negligent under all the circumstances.  In reviewing the sufficiency of evidence to support the jury's verdict, as Mr. Wageman has asked us to do, we assume the evidence in favor of Mr. Harrell is true, do not consider conflicting evidence, and afford Mr. Harrell the benefit of every favorable inference that may reasonably and fairly be drawn from it.  *See Management Nominees*, ¶ 21, 450 P.3d at 678.  Applying that standard, the evidence shows Mr. Harrell carefully approached the intersection, took extra time to twice look left and right, proceeded slowly when he thought it was safe, and only collided with Mr. Wageman because Mr. Wageman had cut sharply into his lane of travel.  The jury could reasonably conclude from this evidence that Mr. Wageman failed to meet his burden to establish that Mr. Harrell breached his duty of ordinary care. We therefore will not disturb the jury's verdict.

### *CONCLUSION*

[¶20]  Because the evidence supported more than one reasonable conclusion, the court acted appropriately in sending the issue of Mr. Harrell's negligence to the jury.  Because the jury could reasonably conclude from the evidence that Mr. Wageman failed to meet his burden to establish that Mr. Harrell breached his duty of ordinary care under the circumstances, we affirm.