# THE SUPREME COURT, STATE OF WYOMING

# 2024 WY 117

OCTOBER TERM, A.D. 2024

November 13, 2024

MARCO CARDENAS,

**Appellant**
**(Petitioner),**

**v.**                                                    S-24-0029

**RAJEAN S. FOSSEN,**

**Appellee**
**(Respondent).**

*Appeal from the District Court of Fremont County*
*The Honorable Jason M. Conder, Judge*

*Representing Appellant:*
    *Jason A. Neville and Sarah A. Kellogg of The Spence Law Firm, LLC, Casper,*
    *Wyoming.  Argument by Ms. Kellogg.*

*Representing Appellee:*
    *Ryan Schwartz of Williams, Porter, Day & Neville, P.C., Casper, Wyoming.*
    *Argument by Mr. Schwartz.*

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FENN, Justice.**

[¶1]   Marco Cardenas filed suit against Rajean Fossen for negligence following a motor vehicle accident near Hudson, Wyoming.  At the close of the evidence during a jury trial, Mr. Cardenas filed a motion for judgment as a matter of law on the issue of Ms. Fossen's liability.  The district court denied the motion and sent the case to the jury, who found Ms. Fossen was not negligent.  After the trial, Mr. Cardenas renewed his motion for judgment as a matter of law and filed a motion for a new trial.  The district court denied both motions.  Mr. Cardenas appeals claiming the district court should never have allowed the issue of liability to go to the jury.  He argues his motion for judgment as a matter of law should be granted, and this matter should be remanded for a new trial on the issues of causation and damages.  We affirm.

## ISSUES

[¶2]   Mr. Cardenas presents two issues, which we rephrase as follows:

> I.   Did the district court err when it denied Mr. Cardenas's motions for judgment as a matter of law under Rule 50 of the Wyoming Rules of Civil Procedure (W.R.C.P.)?
>
> II.  Did the district court abuse its discretion when it denied Mr. Cardenas's motion for a new trial under W.R.C.P. 59(a)(1)(F)?

## FACTS

[¶3]   Early on the morning of January 6, 2014, Rajean Fossen was traveling northbound on Highway 789 from her home in Lander, Wyoming, to her workplace in Riverton, Wyoming.  As she came across a bridge approximately two miles north of Hudson, Wyoming, she lost control of the 2014 Dodge Ram 1500 pickup she was driving and slid across the center line into the southbound lane.  Marco Cardenas was driving a 2008 Kenworth tractor trailer in the southbound lane pulling two fully loaded trailers.  He saw Ms. Fossen enter his lane of travel, and he pulled to the right as far as he could in an attempt to avoid a head-on collision.  Unfortunately, there was not quite enough room, and the vehicles collided in the southbound lane with the front left corners of each vehicle striking each other.  While Ms. Fossen's vehicle came to rest on the highway, Mr. Cardenas's truck went off the highway, into the ditch, and up the hillside before coming to rest on the shoulder of the road.  This caused Mr. Cardenas's truck to jackknife, turn around and strike the first trailer, displacing the cab of the tractor from the frame.

[¶4]   Almost four years later, Mr. Cardenas filed suit against Ms. Fossen alleging her negligent operation of her vehicle caused him serious, permanent injuries, pain and

1

suffering, and a variety of economic damages. After conducting discovery, Mr. Cardenas moved for partial summary judgment. The district court granted Mr. Cardenas's motion for summary judgment on Ms. Fossen's affirmative defense of comparative fault after finding she failed to present evidence Mr. Cardenas was in any way responsible for the crash. However, the district court denied Mr. Cardenas's motion for summary judgment on the issue of Ms. Fossen's liability, finding there was a genuine issue of material fact as to whether she breached her duty of care.

[¶5] After various delays, the case proceeded to a four-day jury trial, which began on July 31, 2023. Only two witnesses testified regarding the issue of Ms. Fossen's liability for the accident. Mr. Cardenas offered the testimony of an accident reconstruction expert, Jay Przybyla. Mr. Przybyla showed the jury photos taken by law enforcement the day of the accident, which were consistent with witnesses' statements that the road was snow-packed, icy, and "very slick." Mr. Przybyla testified although the pickup Ms. Fossen was driving had four-wheel drive capability, she did not have it engaged. Ms. Fossen also did not have snow tires or chains on her vehicle. In addition, no other vehicles traveling either ahead of or behind Ms. Fossen's vehicle lost control on the bridge. Based on this information, Mr. Przybyla opined this accident could have been prevented, and Ms. Fossen's driving inputs or the makeup of her vehicle caused her to lose control. He also opined the conditions she encountered on the bridge should not have been a surprise, because she knew she was driving on icy conditions her entire drive.

[¶6] Ms. Fossen testified in detail about what happened before the crash. She stated the temperature was below zero that day, and the roads were snowy and icy. She left early to give herself sufficient time to get to work. She was driving north in a line of commuter traffic, with vehicles in front of and behind her. She was traveling well below the posted speed limit of 70 mph, attempting to keep a safe distance between her vehicle and those in front of her. She felt she was navigating the roads safely without the four-wheel drive engaged. She had no issues traversing the first couple of curves of the highway. As she approached the bridge approximately two miles north of Hudson, she felt her vehicle begin to "skate." She took her foot off the accelerator, did not touch the brakes, and held the steering wheel straight. She ultimately lost control of her vehicle and came across the center line into the southbound lane. She admitted she had no memory of anything like a pothole or gust of wind that caused her to lose control.

[¶7] On cross-examination, Ms. Fossen gave the following testimony:

> Q    And I think you don't dispute that except for your pickup truck being in his lane, this wreck wouldn't have happened?
>
> A    Say that again.

2

Q       Sure. You don't dispute that except for your pickup truck being in the lane of Mr. Cardenas that this wreck would not have happened?

A       Correct.

Q       When you think about that, in your mind, do you accept responsibility for causing the collision?

A       I am so sorry that this happened at a point where I had no control.

Q       I appreciate that. I want you to come back to my question if you can.  Are you willing here to accept responsibility for the wreck?

A       Yes.

Q       Have you felt that way for a long time?

A       Yes. It's been ten years.

                        *       *       *

Q       [] Do you feel it is appropriate, you, that this jury find that you are responsible for the wreck?

A       My vehicle was in his lane of travel, yes.

Q       Okay. I know that there is a dispute about what injuries were related to the wreck.  Okay.  You've heard that here?

A       Yes.

Q       Do you feel it is appropriate for the jury to find damages for the injuries it assesses were caused by the wreck?

                        *       *       *

Q       Ms. Fossen, do you feel that it would be appropriate for this jury to find damages for the injuries it finds were caused by the wreck?

3

A     That's their job based on the evidence.

Q     And you think that would be appropriate to do here?

A     Appropriate, yes.

[¶8]    After Ms. Fossen rested, Mr. Cardenas moved for judgment as a matter of law. He argued Ms. Fossen "admitted fault" on the stand, and there was no evidence showing she was not responsible for the wreck. Ms. Fossen argued although she said she "felt responsible," the jury could find this was an "unavoidable accident" and there was "nothing that she could have done." The district court denied the motion finding Ms. Fossen had not admitted to violating a duty of care, and the question of whether she had done so was one for the jury.

[¶9]    The district court instructed the jury Mr. Cardenas had the burden of proving Ms. Fossen's negligence by a preponderance of the evidence. The district court gave the jury the following instruction defining the word "negligence":

### INSTRUCTION NO. 16

When the word negligence is used in these instructions, it means the failure to use ordinary care. Ordinary care means the degree of care which should reasonably be expected of the ordinary careful person under the same or similar circumstances. The law does not say how such an ordinary careful person would act. That is for you to decide.

The district court also instructed the jury if it found "that a party ha[d] violated a duty, then that party [wa]s negligent." The district court instructed the jury Ms. Fossen had numerous duties, including a duty to maintain a "proper lookout," which includes "a duty to see objects in plain sight, to see what is open and apparent, and to take notice of obvious dangers." The district court further instructed the jury Ms. Fossen had statutory duties to drive at a speed that was "reasonable and prudent" for the conditions and to keep her vehicle "within a single lane" of travel, and any violation of these statutes was "evidence of negligence." The district court also instructed the jury Ms. Fossen had a duty "to operate her vehicle under reasonable control[.]" The district court gave the jury the following instruction defining "reasonable control":

### INSTRUCTION NO. 14

Every person operating a motor vehicle upon a highway has a duty of care to have the vehicle under reasonable control. A driver may be said to have the vehicle under reasonable control when the driver is observing traffic and road conditions and has the ability to guide and direct the course of the vehicle, fix

4

its speed, and bring the vehicle to a stop within a reasonable distance. Failure to exercise adequate control is evidence of negligence.

[¶10] After approximately two hours of deliberations, the jury sent the district court two questions: "What is the legal definition of negligence?"; and "Does being responsible for the accident automatically equate to being negligent?" After conferring with the parties, the district court answered the first question by referring the jury to Instruction No. 16 and the second question by instructing the jury to read all of the instructions. After approximately 30 minutes of additional deliberations, the jury returned a verdict finding Ms. Fossen was not negligent. Mr. Cardenas orally moved for judgment notwithstanding the verdict. The district court directed Mr. Cardenas to file his motion in writing.

[¶11] Mr. Cardenas filed a renewed motion for judgment as a matter of law and a motion for a new trial. He again argued Ms. Fossen had admitted negligence and provided no evidence to rebut or otherwise call her negligence into question. The district court denied both motions finding Ms. Fossen had not admitted liability, and the evidence in the case was legally sufficient to submit the matter to the jury. This timely appeal followed.

## DISCUSSION

### I. Was Mr. Cardenas Entitled to Judgment as a Matter of Law Under W.R.C.P. 50?

[¶12] A district court may grant a motion for judgment as a matter of law against a party under W.R.C.P. 50(a)(1) (LexisNexis 2023) "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue. . . ." We have recognized granting a motion under W.R.C.P. 50(a) "deprives the parties of a determination of the facts by a jury," and such a motion "should be cautiously and sparingly granted." *Cody v. Atkins*, 658 P.2d 59, 61 (Wyo. 1983) (citations omitted). Rule 50(b) allows a party to renew a motion for judgment as a matter of law within 28 days from the entry of judgment, which Mr. Cardenas did in this case.

[¶13] Whether Mr. Cardenas was entitled to judgment as a matter of law under W.R.C.P. 50 is an issue of law we review de novo. *Wageman v. Harrell*, 2020 WY 143, ¶ 6, 476 P.3d 657, 659, (Wyo. 2020) (citing *Witherspoon v. Teton Laser Ctr., LLC*, 2007 WY 3, ¶ 8, 149 P.3d 715, 723 (Wyo. 2007)); *Wyo. Med. Ctr., Inc. v. Murray*, 2001 WY 63, ¶ 6, 27 P.3d 266, 268 (Wyo. 2001)). We review the entire record to determine if "without weighing the credibility of witnesses or considering the weight of evidence . . . 'there can be but one conclusion as to the verdict that reasonable persons could have reached.'" *Id.* (quoting *Witherspoon*, ¶ 8, 149 P.3d at 723). "We view the evidence in the light most favorable to the nonmoving party, giving that party the benefit of all reasonable inferences that may be drawn from the evidence." *Id.* (quoting *Sherard v. Sherard*, 2006 WY 105, ¶ 16, 142 P.3d

673, 678 (Wyo. 2006)). If the evidence permits more than one reasonable inference, a motion for judgment as a matter of law must be denied. *Id.* (quoting *Sherard*, ¶ 16, 142 P.3d at 678).

[¶14] Appellant asserts the district court erred in denying his motion for judgment as a matter of law for two reasons. First, he claims Ms. Fossen agreed during the trial "she was responsible for the collision and agreed the jury should find her responsible and award damages." Second, he argues the undisputed evidence shows Ms. Fossen was negligent because she breached her duties to keep her vehicle under reasonable control and maintain her lane of travel. We will address each of these arguments in turn.

### A. Did Ms. Fossen Admit Liability During Her Testimony?

[¶15] Mr. Cardenas's argument is based on the premise Ms. Fossen admitted liability when she testified she was willing to accept responsibility and it would be appropriate for the jury to award damages against her. He contends this testimony made it unreasonable for the jury to reach any conclusion other than Ms. Fossen was negligent.

[¶16] The district court rejected this argument when it denied both the oral and renewed motions for judgment as a matter of law. When denying the oral motion, the district court found although Ms. Fossen admitted to feeling responsible, she did not admit to violating a duty of care. When denying the renewed motion, the district court found while Ms. Fossen admitted to feeling responsible for the accident, "this was not a conclusive admission of legal liability—negligence." The district court further found Ms. Fossen's "feelings of responsibility, as articulated and considered in context with all of the evidence [did] not equate to negligence as a matter of law."

[¶17] We agree with the district court. "[W]hat an individual concludes is his fault may not in the eyes of the law be his fault." *Miller v. Trinity Med. Ctr.*, 260 N.W.2d 4, 7 (N.D. 1977) (quoting *Bertsch v. Zahn*, 141 N.W.2d 792, 795 (N.D. 1966)); *see also DeMars v. Carlstrom*, 948 P.2d 246, 249 (Mont. 1997) (finding a party's testimony the accident was her "fault" was not a binding admission because it was an expression of an opinion or conclusion of law, not a statement of fact); *Randall v. Alvarado-Wells*, 928 P.2d 732, 733–34 (Ariz. Ct. App. 1996) (finding a party's statement of fault "does not automatically make it so," when the evidence fails to support legal liability). These types of statements may be made "out of compassion and sympathy because of injuries suffered by" a plaintiff. *Bertsch*, 141 N.W.2d at 796.

[¶18] Ms. Fossen's testimony regarding her feelings of responsibility differs from those we have previously found to qualify as admissions of fault. In *Wise v. Ludlow*, during direct examination, the defendant, Mr. Ludlow, stated he "absolutely" accepted "fault and responsibility" for the accident. 2015 WY 43, ¶ 40, 346 P.3d 1, 11 (Wyo. 2015). On cross-examination, Mr. Ludlow stated he had never denied responsibility for the accident, and

6

he further admitted to being "careless." *Id.*, 346 P.3d at 11–12. However, he also testified the plaintiff, Ms. Wise, likewise made some bad decisions that day. *Id.*, 346 P.3d at 12. On appeal, although we found Mr. Ludlow did admit fault, we held it was not an unqualified admission that removed the issue of comparative fault from the jury's consideration. *Id.* at ¶¶ 40–41, 346 P.3d at 11–12.

[¶19] In this case, Ms. Fossen's statements were even more limited than Mr. Ludlow's. Ms. Fossen never stated she was "at fault," nor did she admit to being careless or violating any duty of care. In fact, from the very beginning of the case she denied being negligent, and she testified in great detail about the amount of care she used while driving that morning. While Ms. Fossen's statements were evidence the jury could consider when reaching its verdict, they were not an unqualified admission that removed the issue of liability from the jury's consideration. *See Wise*, 2015 WY 43, ¶¶ 40–41, 346 P.3d at 11–12; *Miller*, 260 N.W.2d at 7; *Bertsch*, 141 N.W. 2d at 796. The district court did not err when it denied the motion for judgment as a matter of law because Ms. Fossen's statements were not an unqualified admission of liability.

## B. Does the Evidence Permit More than One Reasonable Inference?

[¶20] Mr. Cardenas asserts the undisputed evidence showed the accident was caused because Ms. Fossen lost control of her vehicle and entered his lane of travel. He argues the only reasonable inference from this evidence is Ms. Fossen breached her duties to keep her vehicle under reasonable control and to maintain her lane of travel, making her negligent. He claims there was no evidence justifying a finding of no negligence, such as a sudden change in road conditions.

[¶21] We have long recognized the mere fact a collision occurs does not in itself indicate negligence. *Medlock v. Merrick*, 786 P.2d 881, 885 (Wyo. 1990) (citing *Cody*, 658 P.2d at [64]). We never presume negligence, and the question of negligence is ordinarily one for the trier of fact. *Id.* (citations omitted). Before our adoption of comparative fault, our case law placed a burden on a defendant who had crossed the center line to "show [s]he was there without any act of commission or omission which constituted fault on [her] part." *Butcher v. McMichael*, 370 P.2d 937, 939 (Wyo. 1962). We would uphold a finding of no negligence if a driver could show the accident was caused by an unexpected change in conditions. *See Butcher*, 370 P.2d at 938–39 (upholding a finding of no negligence based on defendant's testimony he did not realize he was on ice until he started to skid); *but see Dr. Pepper Co. v. Heiman*, 374 P.2d 206, 209–11 (Wyo. 1962) (upholding a finding of negligence because both the plaintiff and the defendant were operating their vehicles at speeds that were unreasonable for the known road conditions). After the adoption of comparative fault, our jurisprudence moved away from this burden shifting approach, and we have long held it is the plaintiff's burden to prove the defendant's negligence. *See, e.g., Pine Creek Canal No. 1 v. Stadler*, 685 P.2d 13, 16 (Wyo. 1984) (citation omitted) ("[I]t is the proponent's duty to prove the elements of the case—that is, duty, breach, proximately

causing damage."). Evidence of a sudden and unexpected change in conditions may still be relevant to this determination. *See Dellapenta v. Dellapenta*, 838 P.2d 1153, 1163 (Wyo. 1992) (upholding a finding of no negligence where the evidence showed the snowy conditions were an unexpected change in circumstances).

[¶22] Judgment as a matter of law is only appropriate if Mr. Cardenas can show reasonable jurors could only conclude from the evidence Ms. Fossen was negligent because she breached a legal duty. *Wageman*, 2020 WY 143, ¶ 11, 476 P.3d at 660 (citing *Witherspoon*, 2007 WY 3, ¶ 8, 149 P.3d at 723). The district court instructed the jury Ms. Fossen had several duties, including the duty to "have [her] vehicle under reasonable control," and the statutory duty to keep her vehicle within a single lane of travel. The district court also instructed the jury a violation of a statute or the failure to exercise reasonable control was evidence of negligence, and if the jury found a party violated a duty, "then that party [wa]s negligent." However, the jury was also instructed negligence means the failure to use ordinary care, which is "the degree of care which should reasonably be expected of the ordinary careful person under the same or similar circumstances." The jury had to consider all of these instructions when deciding whether Ms. Fossen's conduct was negligent.

[¶23] Mr. Cardenas presented evidence from which the jury could infer Ms. Fossen was negligent. It is undisputed she "lost control" of the vehicle, crossed over the center line, and entered Mr. Cardenas's lane of travel. It is also undisputed her vehicle did not have snow tires or chains, and she did not engage the vehicle's four-wheel drive. The undisputed evidence also showed no other vehicles either in front of or behind Ms. Fossen lost control on the bridge. It certainly would have been reasonable for the jury to conclude Ms. Fossen breached one or more of her legal duties and was negligent.

[¶24] However, when viewed in a light most favorable to Ms. Fossen, the evidence was not so conclusive that this was the only reasonable inference that could be drawn from it. *See Wageman*, 2020 WY 143, ¶ 11, 476 P.3d at 660. Ms. Fossen testified in great detail about the degree of care she used while operating her vehicle that morning. She testified she left early to allow herself adequate time, she was driving at a reduced speed, and she was leaving a safe distance between herself and the other vehicles. Even though the road conditions were icy and snow-packed from the time she left Lander, she had no trouble maintaining control of her vehicle or navigating the roads prior to reaching the bridge. Only when she started going over the bridge did her vehicle unexpectedly begin to skate. While no other vehicles slid going over the bridge, some people who were attempting to render aid after the accident slipped and fell on the bridge. Although Ms. Fossen did not testify in so many words she had not been negligent or she had encountered a sudden and unexpected change in conditions on the bridge, the jury could reasonably infer as much from the evidence outlined above.

[¶25] Though most of the evidence at trial was undisputed, it permitted the jury to draw more than one reasonable inference. The jury could reasonably conclude from Ms.

Fossen's testimony she used the degree of care expected of the ordinary careful person under the same or similar circumstances, and there was nothing she could have done to avoid the accident. This is not one of those rare cases where there was no evidence that would justify a verdict for Ms. Fossen. *Cody*, 658 P.2d at 61 (citing *Whitly v. Moore*, 427 P.2d 350, 352 (Ariz. Ct. App. 1967)). Because the evidence supported more than one reasonable inference, Mr. Cardenas was not entitled to judgment as a matter of law, and the district court did not err when it denied his W.R.C.P. 50 motions. *Wageman*, 2020 WY 143, ¶¶ 6, 18, 476 P.3d at 659, 661.

## II. *Did the District Court Abuse its Discretion When it Denied Mr. Cardenas's Motion for a New Trial Under W.R.C.P. 59(a)(1)(F)?*

[¶26] Mr. Cardenas filed his motion for new trial under W.R.C.P. 59 (a)(1)(F) (LexisNexis 2023), which gives the district court the discretion to grant a new trial if the verdict "is not sustained by sufficient evidence or is contrary to law." District courts are vested with broad discretion when ruling on a motion for new trial, and we will not overturn the trial court's decision absent an abuse of discretion. *Willey v. Willey*, 2016 WY 116, ¶ 44, 385 P.3d 290, 302 (Wyo. 2016) (citing *Hannifan v. Am. Nat'l Bank of Cheyenne*, 2008 WY 65, ¶ 37, 185 P.3d 679, 693 (Wyo. 2008)).

> In determining whether there has been an abuse of discretion, we focus on the reasonableness of the choice made by the trial court. If the trial court could reasonably conclude as it did and the ruling is one based on sound judgment with regard to what is right under the circumstances, it will not be disturbed absent a showing that some facet of the ruling is arbitrary or capricious.

*Id.* at 302–03 (quoting *Hannifan*, ¶ [36], 185 P.3d at 693) (internal quotation marks and citations omitted).

[¶27] When a party moves for a new trial on the grounds the verdict is inconsistent with the evidence, we review the record to determine if there is sufficient evidence to support the jury's verdict. *See Reese v. Dow Chem. Co.*, 728 P.2d 1118, 1120 (Wyo. 1986). We assume the evidence in favor of Ms. Fossen is true, do not consider conflicting evidence, and we afford Ms. Fossen the benefit of every favorable inference that may reasonably and fairly be drawn from it. *See Wageman*, 2020 WY 143, ¶ 7, 476 P.3d at 659. As long as there is evidence to support the jury's verdict, we will not disturb it. *Id.* (citing *Medlock*, 786 P.2d at 884).

[¶28] Mr. Cardenas argues the verdict was contrary to the evidence in this case. He asserts Ms. Fossen admitted she was responsible for the accident, and the jury should not have been allowed to consider the role the icy road played in the collision because it was not a

9

surprising change in conditions. As we pointed out in our discussion of Mr. Cardenas's first issue, the evidence presented at trial was sufficient to permit the jury to reach the issue of negligence. The jury could reasonably conclude from the evidence Mr. Cardenas failed to meet his burden of proving Ms. Fossen breached her duty of ordinary care under the circumstances. After hearing the testimony of the witnesses and observing their demeanor, the district court found there was evidence to support the jury's verdict and denied Mr. Cardenas's motion for a new trial. We hold the district court did not abuse its discretion when it denied Mr. Cardenas's motion for a new trial under W.R.C.P. 59(a)(1)(F).

## CONCLUSION

[¶29] The district court did not err when it denied Mr. Cardenas's motion for judgment as a matter of law under W.R.C.P. 50 because the undisputed evidence supported more than one reasonable inference. The district court did not abuse its discretion when it denied Mr. Cardenas's motion for a new trial under W.R.C.P. 59(a)(1)(F) because there was evidence to support the jury's verdict that Ms. Fossen was not negligent. Affirmed.